[L. A. No. 2665.   Department One.—June 22, 1911.]

## UNION TRUST AND REALTY COMPANY (a Corporation), Appellant, v. JOHN S. BEST, Respondent.

CONTRACTS FOR SALE OF LAND—RESTRICTIVE BUILDING AGREEMENTS— REFUSAL OF EQUITABLE RELIEF.—Restrictive agreements in contracts for the sale of land, with respect to the location and character of building that may be erected by the vendee, will not be enforced in equity, where, under all the circumstances of the case, the granting of the relief sought would be inequitable.

ID.—BREACH OF COVENANT INDUCED BY VENDOR—REFUSAL OF INJUNCTION.—A vendor under a written contract for the sale of land, which contained a covenant on the part of the vendee that he would not erect any dwelling on the lot conveyed closer than twenty feet from its front line, cannot obtain an injunction to restrain the vendee from permitting a building erected by him to remain closer than that distance to the front line, where such building was so erected at the inducement of the vendor, who made no complaint until it was completed, and in the mean time, with full knowledge of its violation, accepted payment for the land and executed a deed therefor to the vendee.

ID.—WAIVER BY AND ESTOPPEL OF VENDOR.—Such action by the vendor constituted a waiver or an estoppel, and in any action by him to enforce the covenant might be shown by parol to establish a defense.

ID.—PLEADING ESTOPPEL THROUGH ACTS OF AGENTS—SCOPE OF AGENCY —APPEAL.—In an action by the vendor to enforce such covenant, in which an answer is filed setting up the conduct of an alleged agent of the vendor as creating such a waiver or estoppel, an objection cannot be raised on appeal that the answer fails to allege with sufficient particularity the purpose and extent of the agency, where no such point was made at the trial, and the parties went to trial upon the issue so presented.

ID.—EVIDENCE—RATIFICATION BY AGENT OF VENDOR.—In this case the evidence, although conflicting, is held sufficient to show that the agents of the vendor ratified the acts of their employee in authorizing the location of the house.

ID.—RATIFICATION BY CONDUCT.—A ratification of the acts of one assuming to be an agent may be implied from conduct on the part of the principal reasonably tending to show an intention to ratify the acts.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Percy B. Lloyd, for Appellant.

Williams, Goudge & Chandler, for Respondent.

SLOSS, J.—The plaintiff appeals from a judgment in favor of defendant, and from an order denying a motion for new trial.

The action was brought to compel the enforcement of a building restriction contained in an agreement for the sale of a residence lot by plaintiff to defendant.

The complaint alleges that in May, 1906, the plaintiff became the owner of a tract of land in the city of Los Angeles, comprising 461 lots; that it was and is plaintiff's intention to sell said lots (with some exceptions not material here) for residence purposes, and to insert in every agreement for sale or conveyance made by it a covenant that the grantee or vendee would not, within five years, erect any dwelling on the lot conveyed closer than twenty feet to or from the front line of such lot. On May 19, 1908, it is alleged, plaintiff and defendant entered into an agreement for the sale to the latter of lot 226 of the tract for the sum of $573, payable in installments. Said agreement contained a covenant as aforesaid. On September 24, 1908, plaintiff executed a deed of the lot to defendant. It is alleged that defendant thereafter erected a dwelling within eight feet of the front line of said lot. The prayer is for an injunction restraining the defendant from permitting his dwelling to remain, at any time prior to May 20, 1913, closer than twenty feet to the front line of his lot.

The answer denies that defendant erected the building after the execution of the deed to him, and sets up, as an affirmative defense, that he purchased the lot from plaintiff through its agents, the Burck-Gwynn Company, on May 19, 1908, receiving from said agents a deposit receipt; that a building was located on said lot by defendant under the direction of plaintiff's agents, and the same was erected and completed before the execution of the deed to him. It is alleged that at the time of the commencement of the construction, and thereafter until completion, the plaintiff had full knowledge of the location of the building on the lot, and that it received

payment of the various installments of the purchase price
from plaintiff, and made its deed to him, with such knowledge.
It made no objection regarding the location of the house until
March 1, 1909, long after the payment of the purchase price,
the making of the deed, and the expending by defendant of
over two thousand dollars in the erection of his building.

The court found in accordance with these averments of the
answer.   It also found that the agreement containing the
covenant counted upon, although bearing date the nineteenth
day of May, 1908, (the day when defendant made his deposit
and took his receipt therefor) was executed on June 5, 1908;
that the main body of the house built by defendant is twenty-
one feet from the front line of the lot, and the porch and
steps of the porch of the house are within twenty feet of said
line.   The conclusion of law was that plaintiff was entitled
to no relief, and that defendant was entitled to judgment for
his costs.

Little argument can be required to show that, if the facts
be as found, the proper conclusion was drawn from them.
This is a suit in equity to compel, by mandatory decree, the
enforcement of a covenant restricting the defendant's right
to use his own land.   Such enforcement would, the court finds
—and it is apparent without any finding—subject the defend-
ant to considerable expense.   Restrictive agreements of this
kind will not be enforced, where, under all the circumstances
of the case, the granting of the relief sought would be inequit-
able.   (5 Am. & Eng. Ency. of Law, 2d ed., p. 15; *Columbia
College* v. *Thacher,* 87 N. Y. 311, [41 Am. Rep. 365] ; *Conger*
v. *New York etc. R. Co.,* 120 N. Y. 29, [23 N. E. 933].)   No
strong appeal to the discretion of a court of chancery is made
by a plaintiff who, after inducing the defendant to violate a
building covenant, makes no complaint until the improvements
have been completed, and in the meanwhile, with full knowl-
edge of the violation, accepts payment for his land and makes
conveyance.   In so far as the covenant was made for the benefit
of the grantor, who alone is complaining here, it might be
waived, and the facts found establish a clear case of waiver.
The argument of appellant that evidence of an oral under-
standing regarding the location of the house cannot vary the
terms of a written contract is not to the point.   The facts
pleaded in defense were not relied upon to prove that the

agreement did not prohibit the construction of the building where located, but to establish a waiver of the covenant or an estoppel to rely upon it. Such waiver or estoppel may be shown by parol.

The only question of importance, then, is whether the evidence supports the findings under discussion. It is urged that the finding that the house was located on the lot by direction of the Burck-Gwynn Company, plaintiff's agents, is against the evidence. We think this claim cannot be sustained.

There is testimony which, although contradicted, is sufficient to warrant a finding that the defendant, on the day following the making of his deposit, made preparations to build his house at a place which would leave the main body of the building over twenty-five feet, and the porch twenty-one or twenty-two feet from the street line; and that, upon the representations of one Edmison that the body of the house should be set back not more than twenty feet from the street, he changed the stakes and erected his house upon the line indicated by Edmison. The appellant claims, however, that there is no evidence that Edmison had any authority to bind the plaintiff, or the Burck-Gwynn Company, by his declarations. There was testimony, given by an officer of the plaintiff, that the Burck-Gwynn Company, a copartnership, had always been plaintiff's agents for all purposes in connection with the tract, and that said company and its agents made all sales and generally supervised the handling of the tract. Burck, one of the partners of the Burck-Gwynn Company, testified that Edmison was the company's "tract agent" on the tract, and Edmison gave testimony to the same effect. But Burck testified further that he had carefully explained to Edmison "what the building-line restriction was, that is, that nothing should project over that line except the front steps, and had instructed him to see that the orders were carried out in that particular." The appellant's claim is that this evidence shows that Edmison's express authority was limited to requiring compliance with the restriction as plaintiff interprets it, and that he had no authority to waive such compliance. But, if the soundness of this position be conceded, we find in the record further evidence which is ample to sustain an inference that the Burck-Gwynn Company subsequently ratified Edmison's acts. Such ratification is equivalent in effect to prece-

dent authorization.    (Civ. Code, sec. 2307; *Kraft* v. *Wilson,* (Cal.), 37 Pac. 790.)

The evidence tending to show ratification is that of the defendant, who testified as follows: "Soon after it (the house) was finished I went to the office of the Burck-Gwynn Company to see about paying up the balance of my contract price for the lot, and Mr. Burck then said to me that he understood I had got my house out a little, and I replied that it was the first I knew of it, and I told him that the body of my house was set just as Mr. Edmison gave it to me, to which he replied that Edmison ought to know better than that, and he then said to me that they were not going to give me any trouble about it, so that I didn't put any more up that way." Ratification need not be express; it may be implied from conduct on the part of the principal "reasonably tending to show an intention to ratify the acts of the alleged agent." (31 Cyc. 1263; *Pope* v. *Armsby Co.,* 111 Cal. 159, [43 Pac. 589]; *Ballard* v. *Nye,* 138 Cal. 588, [72 Pac. 156].) The statements of Burck, as detailed in the testimony just quoted, afford ample basis for an inference of ratification. While he expressed some criticism of Edmison's conduct as reported to him, his language manifested clearly an intent to adopt and approve that conduct and its results.

Further points made by appellant require but brief notice. It is said that the answer fails to allege with sufficient particularity the purpose and extent of the agency of the Burck-Gwynn Company. No such point was made at the trial. The answer sufficiently showed that defendant relied upon the Burck-Gwynn Company's acts as binding the plaintiff, and the parties went to trial upon the issue so presented. The objection, if it be well founded, comes too late. (*Arnold* v. *American Insurance Co.,* 148 Cal. 660, [25 L. R. A. (N. S.) 6, 84 Pac. 182]; *Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772].)

Testimony that Edmison had built houses upon other lots in the tract, and that the porches of such houses did not extend beyond the twenty-foot line, was properly rejected. The fact sought to be proven was entirely immaterial.

The judgment and the order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.