[Civ. No. 3535.  Second Appellate District, Division One.—September 21, 1921.]

## C. E. COOKE, Respondent, v. NEWMARK GRAIN COMPANY, Appellant.

[1] AGENCY—PURCHASE OF BARLEY—INSUFFICIENCY OF ORAL AUTHORIZATION—STATUTE OF FRAUDS.—In view of sections 1624 and 2309 of the Civil Code, an oral authorization to purchase a quantity of barley, involving a consideration of more than five thousand dollars, is insufficient, where the principal has not received or accepted any part of the barley or paid any part of the purchase price thereof.

[2] ID. — MANNER OF RATIFICATION.—Ratification of an act of an agent can be made only in the manner that would have been necessary to confer an original authority for the act ratified.

APPEAL from a judgment of the Superior Court of Imperial County.  Franklin J. Cole, Judge.  Reversed.

The facts are stated in the opinion of the court.

Bicksler, Smith & Parke for Appellant.

E. R. Simon for Respondent.

CONREY, P. J.—In this action the plaintiff has recovered a judgment in damages for the breach of an alleged contract for the purchase of a quantity of barley.  The defendant appeals from the judgment.

The defendant is sued as an undisclosed principal in relation to a contract whereby the alleged agents in their own name made a written agreement to buy the barley.  Appellant contends that the evidence is insufficient to sustain the finding that the contract was made by the defendant in

this, that the evidence is insufficient to prove that the alleged agents were authorized to make the contract as agents for or on behalf of the defendant. An agreement for the sale of personal property for a price of two hundred dollars or more is invalid unless the agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged or his agent, unless the buyer accepts or receives part of such goods and chattels or pays at the time some part of the purchase money. (Civ. Code, secs. 1624, 1739.) "An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing." (Civ. Code, sec. 2309.) The contract sued on in this case involved a consideration of more than five thousand dollars. The defendant has not accepted or received any of the property alleged to have been sold to it, nor was any part of the purchase price paid. There is no evidence of any written authority given to the alleged agents to make the contract in question. [1] We may assume, without so deciding, that the evidence would be sufficient to sustain the finding if an oral authorization of the agency were legally sufficient for the purpose; although it may be noted that the fact of such oral authorization is warmly disputed by the defendant, which wholly disclaims that it authorized the contract in any manner whatever.

On behalf of respondent it is suggested that the defendant ratified the agency authorization by giving shipping instructions, through an agent named Wolz, for the plaintiff's grain. We have been unable to discover in the record any evidence of such instructions given by Mr. Wolz, other than a telephone message to which Hayward testified, or any evidence that Wolz had authority to give such instructions on behalf of the defendant. [2] The ratification of the agent's act can be made only in the manner that would have been necessary to confer an original authority for the act ratified. (Civ. Code, sec. 2310.)

Respondent further suggests that the defendant is estopped to deny that Hayward, Rath & Marshall, who signed the contract with plaintiff, were its duly authorized agents. This claim of estoppel is based upon the fact that the defendant accepted and paid for two other shipments of

barley purchased by Hayward, Rath & Marshall at about the same time. It is argued that these three independent purchases from separate and independent sellers were all made under one authorization and that the defendant cannot be permitted to accept the benefits from such agency authorization in two instances and reject the third. Whatever might be said in favor of this contention if this were an action between the agents and their alleged principal, it can have no application for the purpose of raising an estoppel in favor of respondent. It does not appear that at the time when he sold his barley respondent had any information whatever concerning said other transactions, or relied upon them as constituting any matter of inducement to him in making the sale. As to those other transactions, the plaintiff is a third person who knew nothing of the conduct of the defendant and placed no reliance thereon.

The judgment is reversed.

Shaw, J., and James, J., concurred.