[Civ. No. 2873. Third Appellate District.—March 30, 1925.]

# CENTRAL SAVINGS BANK OF OAKLAND (a Corporation), Respondent, v. THOMAS COULTER, Appellant.

[1] NEGOTIABLE INSTRUMENTS — NOTE AND MORTGAGE — ONE INSTRUMENT.—A promissory note and a mortgage, or deed of trust, executed at the same time as part of the same transaction, are to be considered as one instrument; and, prior to the 1923 amendment of section 3265 of the Civil Code, a promissory note showing on its face that it was secured by a mortgage or a deed of trust, was non-negotiable, where such mortgage or deed of trust contained terms and conditions destroying the negotiability of such note.

[2] ID.—NON-NEGOTIABLE NOTE—FINDINGS—EVIDENCE.—In this action against an undisclosed principal and his agent to recover a certain sum of money, with interest, as the balance due after the sale of certain lands included within a trust deed executed by said agent in favor of plaintiff to secure the payment of a larger indebtedness evidenced by a promissory note, which note and deed of trust were executed and delivered prior to the 1923 amendment of section 3265 of the Civil Code, the trial court was justified in concluding that such note was a non-negotiable instrument, and defendant undisclosed principal's objection to testimony based upon the alleged negotiability of the note was not well founded.

[3] PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—SUFFICIENCY OF WRITINGS—EVIDENCE.—In this action against an undisclosed principal and his agent to recover a certain sum of money, with interest, as the balance due after the sale of certain lands included within a trust deed executed by said agent in favor of plaintiff to secure the payment of a larger indebtedness evidenced by a promissory note executed by said agent, the contention of said defendant undisclosed principal that there was no writing showing agency was without merit, in view of the evidence showing the previous appointment in writing of the agent to represent said principal in the real estate transaction in question, the acceptance of the benefits by said principal, a statement by him in writing as to his ownership of the property during the period covered by the obtaining of the loan, and an agreement in the same writing that the purchaser shall assume and pay the mortgage which had been executed for the benefit of said principal, and which had enabled him to close his deal with a third person.

---

1. See 19 Cal. Jur. 812.

[4] ID. — LIABILITY OF UNDISCLOSED PRINCIPAL — CONSTRUCTION OF WRITINGS.—The contract of an agent who deals in his own name without disclosing that of his principal is the contract of his principal, and the principal is liable thereon; and in all such cases where the agency is shown to exist, the writings showing ratification will be liberally construed.

(1) 8 C. J., p. 198, n. 5 New, p. 199, n. 14, 22; 13 C. J., p. 528, n. 50.   (2) 8 C. J., p. 114, n. 32.   (3) 2 C. J., p. 487, n. 96, p. 517, n. 39; 27 C. J., p. 296, n. 7, p. 297, n. 20, p. 299, n. 42.   (4) 2 C. J., p. 492, n. 40, p. 522, n. 80, p. 840, n. 70.

APPEAL from a judgment of the Superior Court of Sacramento County.   George L. Jones, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Butler, Van Dyke & Desmond for Appellant.

Fitzgerald, Abbott & Beardsley and McLaughlin & McLaughlin for Respondent.

PLUMMER, J.—Action by the plaintiff to recover the sum of $18,070.98, with interest, against the defendant Thomas Coulter and Howard D. Kerr, as undisclosed principal and agent, respectively, as the balance due after the sale of certain lands included within a certain trust deed executed in favor of the plaintiff to secure the repayment of the sum of $40,000 and such other liens, encumbrances, taxes, etc., as might be incurred in protecting the title to the premises covered by the trust deed.   Judgment was entered in favor of the plaintiff against the defendant, Thomas Coulter, as principal, and dismissed as to Kerr, as agent of the defendant Coulter.   From this judgment the defendant Coulter appeals.

It appears from the record that on or about the eighteenth day of September, 1919, the appellant entered into a written contract with one Hoffman, by which he agreed to exchange certain land in Sacramento County, and to pay Hoffman $41,300 in cash, in return for a conveyance of about 730 acres of land situate in Colusa County.

A few days after the execution of this agreement the appellant entered into a written contract with the defendant

4.   See 21 R. C. L. 890; 1 Cal. Jur. 856.

Kerr wherein it is recited that whereas said Coulter had authorized the said Kerr to negotiate the agreement for the exchange of properties herein referred to, the said Coulter agreed, upon said exchange being perfected and the agreement being performed by Hoffman and his wife, there would be due to the said Kerr the sum of $500, for and on account of his services in negotiating said exchange, which sum Coulter agreed to pay Kerr.

The appellant transferred his lands mentioned in the agreement to Hoffman, but the deed by the Hoffmans conveying their Colusa County land was executed in favor of Kerr, Kerr taking the title in place of Coulter. The deed from Hoffman to Kerr was placed in escrow with the San Francisco Title Company, pending negotiations to secure a loan for the sum of $40,000. These negotiations undertaken by Kerr resulted in the plaintiff in this case loaning the sum of $40,000 and taking as security a deed of trust upon the Colusa County lands transferred by Hoffman to Kerr, as aforesaid. This deed of trust was executed and delivered on or about the seventeenth day of November, 1919. On the following day the appellant paid to Kerr the sum of $500 on account of commissions earned, as per the agreement for payment of services hereinbefore mentioned and at the time of taking conveyance by Kerr of the Hoffman lands and premises Kerr executed a deed covering the same lands in favor of Blanche Brown, a daughter of the appellant Coulter. This deed was delivered to Coulter, held by him, never recorded, but was apparently a method taken to secure Coulter.

On the eighteenth day of December, 1919, the record shows that the appellant entered into a written contract with Kerr, by the terms whereof the appellant agreed to sell to Kerr and Kerr agreed to purchase from the appellant, all and singular the Colusa County lands included within the terms of the deed executed by the Hoffmans to Kerr, and then standing upon the records in the name of Kerr. This agreement, among other things, sets forth that the land was subject to the $40,000 indebtedness to the plaintiff in this case, which indebtedness Kerr agreed to assume and pay. The sale to Kerr was effected early in the month of January following, the record title to the Hoffman lands being finally conveyed by Kerr to one Stormer. Upon the trial of the action both oral and written testimony was offered in evidence.

The oral testimony was to the effect that Kerr was acting as the agent of Coulter in the transfer of the lands, and securing the loan of $40,000 with which to carry out the agreement between Coulter and Hoffman, and that the title was taken in the name of Kerr, to facilitate the transaction and that the ownership of the land was, at all times, vested in Coulter. Upon this testimony and the written instruments, to which we shall hereafter refer, the court found and entered its judgment that Kerr was the agent of Coulter, and was acting for him in that capacity at the time of the execution of the trust deed and the securing of the loan from the plaintiff in this action; that Coulter was, in truth and in fact, the principal in the transaction undisclosed to the plaintiff at the time the negotiations were being had; that the indebtedness was in fact Coulter's indebtedness; that the transaction was managed, as heretofore set forth, in order to consummate the deal between Coulter and Hoffman; that the record shows the agency and, also, a ratification of the execution of the trust deed, and that such facts sufficiently appear by written evidence. It is admitted by the appellant in this case that there is sufficient oral testimony to support the findings of the trial court, but that oral testimony is incompetent to establish the agency or trust relation existing between Coulter and Kerr and that the written evidence introduced is insufficient to comply with the statute of frauds. To support the contentions of the appellant, four propositions are set forth:

(1) The contract sued upon was a negotiable instrument and an undisclosed principal cannot be held liable upon it.

(2) The contract sued upon was one required by law to be in writing, and hence an agency to execute it could neither be created nor proved except by a written instrument.

(3) The contract sued upon being one which could only be authorized by a written instrument creating the agency, its execution could only be ratified with like formality.

(4) A contract made by a person intending to contract on behalf of a third party but without authority cannot be ratified by the third party so as to render him liable to be sued thereon where the person who made the contract did not profess to be acting on behalf of a principal and contracted in his own name.

The note given by the defendant Kerr evidencing the terms to represent the $40,000 obtained by loan from the

plaintiff was dated the seventeenth day of November, 1919, is in the usual form of a promissory note, but concludes with this statement: "This note is secured by a deed of trust dated the 17th day of November, A. D. 1919." The deed of trust executed by the defendant Kerr to secure the said loan of $40,000 from the plaintiff is dated November 19, 1919, refers to the $40,000 obtained by the defendant Kerr from the plaintiff in this action, and then proceeds to convey the Hoffman lands as security for the repayment of the said sum of $40,000, with interest, setting forth the usual and ordinary covenants contained in trust deeds.

The note and deed of trust being executed, as just indicated, the appellant proceeds to argue that the note in question is a negotiable instrument, and, hence, is one upon which an undisclosed principal cannot be charged. A number of cases are cited in the briefs submitted by counsel, decided in states other than California, directly and emphatically holding that a note in the form as appears in this case, though secured by a trust deed, is a negotiable instrument. Two very strong cases supporting this view of the law are cited, to wit: *Blumenthal* v. *Jassoy,* 29 Minn. 177 [12 N. W. 517], and *Thorpe* v. *Mindeman,* 123 Wis. 149 [107 Am. St. Rep. 1003, 68 L. R. A. 146, 101 N. W. 417]. In these cases other eastern authorities are cited supporting the same doctrine.

[1] It would serve no useful purpose to review the authorities cited by counsel in support of the rule followed in other states, by reason of the fact that the Civil Code of the state of California and the many decisions of both the supreme and appellate courts establish a contrary doctrine. Section 1642 of the Civil Code reads as follows: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."

Beginning with the case of *Meyer* v. *Weber,* 133 Cal. 681 [65 Pac. 1110], and down to the most recent decisions of our own courts, it has been consistently held that a note and mortgage are to be construed together as constituting one agreement or instrument, and as said in that case of the note, "being inseparably connected with the mortgage, and affected by the conditions therein, the note is not negotiable." In *Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192 [21 Ann. Cas. 279, 106 Pac. 715], the holding of the court is

expressed in slightly different language, "the note and mortgage are one inseparable contract." In support of these declarations of the law the following cases are in complete harmony: *Flinn & Treacy* v. *Mowry*, 131 Cal. 481 [63 Pac. 724, 1006]; *Frost* v. *Alward*, 176 Cal. 691 [169 Pac. 379]; *McAuliff* v. *McFadden*, 42 Cal. App. 505 [183 Pac. 870]; that such a note is not a negotiable instrument we may cite the further cases of: *National Hardware Co.* v. *Sherwood*, 165 Cal. 1 [130 Pac. 881]; *Kohn* v. *Sacramento R. Co.*, 168 Cal. 1 [141 Pac. 626]; *Metropolis Bank* v. *Monnier*, 169 Cal. 592 [147 Pac. 265]; *Crocker Nat. Bank* v. *Byrne & McDonnell*, 178 Cal. 329 [173 Pac. 329]; *Pittman* v. *Walker*, 187 Cal. 667 [203 Pac. 739]; *Stoner* v. *Security Trust Co.*, 47 Cal. App. 216 [190 Pac. 500]; *W. P. Fuller & Co.* v. *McClure*, 48 Cal. App. 185 [191 Pac. 1027].

Admitting that such was the law of California prior to the adoption of the Uniform Negotiable Instruments Act, it is further contended that such is no longer the law of this state. It is also contended that section 726 of the Code of Civil Procedure, providing that "there can be only one recovery on account of any debt, or the enforcement of any right secured by a mortgage upon real property," is inapplicable to the case at bar, and that the cases which we have cited are therefore not controlling. It is insisted that the section refers only to notes secured by mortgages and has nothing to do with notes secured by trust deeds. As we view this case, we do not need to decide this question. The authorities which we have cited most emphatically hold that all the writings executed at the same time, as a part of the same transaction, and referring to the same subject matter, are to be considered as one instrument. In other words, they are all read together. The face of the note, given in this case, specifically states that it is secured by a trust deed, dated the same day, and the deed of trust refers to the same note, and incorporates the note into its terms and conditions. Thus, whether there may be or may not be more than one action, or more than one form of action to enforce the collection or payment of a note secured by a trust deed, is immaterial, as affecting the negotiability of a note stating on its face that it is secured by a trust deed, if that trust deed contains terms and conditions which destroy the negotiability of the note, to secure the payment of which it is given. **[2]** Sections 3082 et seq. of the Civil Code de-

fine what instruments must contain in order to be negotiable. Among other things, there must be an unconditional promise or order to pay a sum certain in money, with interest at a definite time or by installments; may have a provision accelerating the due date with exchange, costs, and attorney's fees; the instrument must be payable on demand at a fixed or determinable future time; the time of payment may be on or before a certain specified event which is certain to happen. It is also provided that an instrument payable on a contingency is not negotiable. That the deed of trust set forth in the record violates many of the terms of the Uniform Negotiable Instruments Act of this state plainly appears by an analysis of its provisions. This analysis is set forth so succinctly in the respondent's brief that we take the liberty of quoting it in full:

"(a). It provides for the payment of further advances and all sums now or hereafter owing by the makers.

"(b). It provides for the payment of 'all taxes and assessments.'

"(c). Of all other charges and encumbrances now or hereafter appearing as a lien upon the property.

"(d). Of all expenses and attorney's fees expended by the creditor in any action affecting the property or the title thereto.

"(e). Of all sums expended by the creditor in settling or compromising of any adverse claim; or,

"(f). Of all sums expended by the creditor on account of taxes, assessments, etc.

"The deed of trust provides that the entire sum secured by the deed of trust may be declared due, 'if default be made . . . in the payment of any of the other moneys herein agreed to be paid,' or 'if breach be made in the performance of any obligation for which this Deed of Trust is a security.' This means that the entire sum secured becomes due, not alone in one year, nor upon the happening of an event 'which is certain to happen,' but—

"(a). If the maker fails to pay any taxes; or,

"(b). If he fails to pay any assessments; or,

"(c). If he fails to pay any charge or encumbrance; or,

"(d). If he fails to repay any expenses or attorney's fee expended by the creditor in any action involving the property or the title; or,

"(e). If he fails to repay any sum paid in settlement or compromise of any adverse claim; or

"(f). If he fails to repay any sum expended by the creditor on account of taxes or assessments."

We conclude that the note under consideration is a nonnegotiable instrument and that the appellant's objection to testimony based upon the alleged negotiability of the note in question is not well founded.

[3] It is next insisted that there is no writing showing agency on the part of Kerr, and that his agency terminated on the twenty-second day of September, 1919. This contention is based upon the fact that the agreement on the part of Coulter to pay Kerr $500, by reason of his services, is dated as of that day. There seems to us no real merit in this contention. The instrument to which we are referring reads, exclusive of the date and the address:

"Whereas, on this day of September, 1919, you were authorized to negotiate an agreement of exchange between ourselves and W. H. Hoffman and Evelyn Hoffman (his wife) of the following described property: (Here follows a description of the lands then belonging to the appellant situated in the County of Sacramento.) Evidence of said exchange being agreement made on the 18th day of September, 1919, between ourselves and W. N. Hoffman and Evelyn Hoffman (his wife).

"We now hereby agree that upon said exchange being perfected and said agreement performed by said Hoffman and his wife there will be due you for your services for negotiating said exchange the sum of Five Hundred ($500) Dollars, and we now hereby agree to pay you the said sum of $500 when said exchange has been finally consummated." (Signed by the appellant.)

Following the execution and delivery of this instrument, all the proceedings to which we have heretofore referred in relation to the carrying out of that agreement, the part performed by Kerr, Hoffman, and Coulter, respectively, were taken and had and the agreement referred to in this instrument finally consummated on the said seventeenth day of November, 1919, on which date the deed of trust given by Kerr to the plaintiff was executed, and on the following day the appellant paid to Kerr the sum of $500 agreed to be paid, as we have just stated. We think this writing sufficiently evidences the existence of the agency and trust relation existing

between the appellant and Kerr during the entire time covered by the negotiations.

As we have seen, the trust deed in favor of the plaintiff was executed by Kerr during the time the record title stood in the name of said Kerr, and it is insisted by appellant that there is no admissible testimony in the case showing any authority for the execution of such deed or ratification of the act of Kerr. In making this contention, we think the appellant overlooks or minimizes the written agreement dated the nineteenth day of December, 1919, entered into between Coulter and Kerr. This transaction took place shortly after the consummation of the negotiation to which we have been referring. This agreement sets forth the following:

"Received from Howard D. Kerr Five thousand Dollars ($5000) on the purchase of that certain piece of realty situate in the County of Colusa, State of California, to-wit: (Here follows a description of the property covered by the trust deed and at that time standing in the name of Kerr.) at the price of seventy thousand three hundred (70,300) Dollars, balance of the purchase money of fifteen thousand Dollars, to be paid in gold coin, within twenty days, or as soon thereafter as the papers can be arranged for transferring said property. It is hereby understood that there is a $40,000 loan now on the said property held by the Central Savings Bank of Oakland which the purchaser assumes and agrees to pay. . . .

"Upon the payment of the balance of the purchase money I hereby agree to give and grant deed to the above property, with a good title, . . . " Dated the nineteenth day of December, 1919, signed by Thomas Coulter and Rowena Belle Coulter, and at the bottom of said agreement appears the following: "I hereby accept the terms of this contract, and agree to purchase the said property and pay therefor the amount as set forth." (Signed, Howard D. Kerr.)

This is a plain, unequivocal statement or acknowledgment by both Coulter and Kerr that the ownership of the property in question was vested in Coulter. If the contention made herein that Kerr was the owner of the property and not the agent of Coulter, and acting for him in the negotiation of the loan, the question necessarily occurs, why he (Coulter) should be agreeing to sell the land to Kerr, and Kerr agreeing to buy from Coulter lands actually vested in Kerr? We think there is but one answer to this question. The agency

is clearly shown and the ratification of the act of the agent established by the writing.

Appellant relies upon the case of *Keighley Maxsted & Co. v. Durant,* 1 B. R. C. 351, to the effect that an undisclosed principal cannot be held liable upon any obligation by reason of ratification. Whatever may be the law in other jurisdictions, such is not the law here. Section 2310 of the Civil Code allows just such a ratification. That section reads: ''A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof.'' Ratification is equivalent to a previous authority. (1 Cal. Jur., p. 776, sec. 68.) Here we have a previous appointment in writing of the agent, and acceptance of the benefits, a statement in writing of the ownership of the property during the period covered by the obtaining of the loan, and then an agreement in the same writing that the purchaser shall assume and pay the mortgage which has been executed for the benefit and purposes of the seller of the land, and which enabled him to consummate his deal with the Hoffmans. The record does not show, so far as we have been able to discover, what became of the deed executed by Kerr to the daughter of the appellant, but we assume, as stated by counsel in argument, that that deed was subsequently destroyed. The ratification is not strictly formal in its terms, but we think it sufficiently direct and positive, in substance, to comply with the statute. [4] The rule in this state is well established that the contract of an agent who deals in his own name without disclosing that of his principal is the contract of his principal, and the principal is liable thereon. (1 Cal. Jur., p. 856, sec. 133.) In all such cases where the agency is shown to exist the rule is that the writings showing ratifications will be liberally construed. (2 Cor. Jur., p. 492 et seq.) The fact that the trust deed was made in the name of the agent, instead of the principal, does not limit the application of the rule relating to subsequent ratification. (2 Cor. Jur., p. 522; *Garcia & Maginni v. Colvin,* 53 Cal. App. 79 [199 Pac. 1113]; *Cook* v. *Newmark Grain Co.,* 54 Cal. App. 283 [201 Pac. 615].) Other California cases might be cited to the same effect, but we deem these sufficient.

We think the written testimony in this case sufficient to comply with the statute of frauds and that the testimony supports the findings of the trial court.

THE COURT.—All transactions referred to herein having been had and the note and deed of trust involved in this action having been executed and delivered prior to the amendment of section 3265 of the Civil Code (Stats. 1923, p. 193), the law of this case has been considered and set forth as of the date of the execution and delivery of said note and deed of trust.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.

Appellant's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 28, 1925.

All the Justices concurred.