United Bank & Trust Co. v. McCullough.

UNITED BANK & TRUST COMPANY, APPELLANT, V.
SAM MCCULLOUGH, APPELLEE.

FILED MARCH 9, 1927.   No. 24670.

1.  Bills and Notes: LAW GOVERNING. "Where a promissory note is made in one state, to be performed in another state, it is, ordinarily, to be regulated and governed by the law of the place of performance, without regard to the place at which it was written, dated, or signed, unless it clearly appears that the parties intended that the contract should be governed by the law of the place where made." *Farm Mortgage & Loan Co. v. Beale*, 113 Neb. 293.

2.  Trial: INTERPRETATION OF LAWS: QUESTION OF FACT. Questions as to the terms and interpretation of the laws of a sister state are questions of fact to be determined as such.

3.  Evidence in the record examined, and *held* to support the judgment of the district court.

APPEAL from the district court for Merrick county: LOUIS LIGHTNER, JUDGE. *Affirmed.*

*Elmer E. Ross,* and *Hall, Cline & Williams,* for appellant.

*Brown & Dibble, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and SHEPHERD, District Judge.

EBERLY, J.

This is a suit by the Merchants National Bank (succeeded by the United Bank & Trust Company) of San Francisco to recover on a note executed by Sam McCullough, payable to the order of F. J. Linz Motor Company. The instrument in suit is in the following form:

"San Francisco, Cal., 8-8-1921.

"$1,500. Four months after date, for value received, the undersigned promises to pay to the order of F. J. Linz Motor Co. at San Francisco, fifteen hundred dollars, with interest from date at eight per cent. per annum, payable at maturity. This note is one of a series of notes bearing even date herewith. In case of default in payment of any instalment of interest or principal at the time that the same

shall be due and payable upon any of said notes, or in case of failure to observe any of the conditions thereof, then all said notes immediately shall become due and payable on demand of the holder thereof. Said notes represent the purchase price of one National automobile, No.——, motor——, which the undersigned hereby agrees to purchase, and in consideration of the acceptance of said notes by the payee and of delivery to the undersigned of said automobile, the undersigned agrees as follows: The title to said property shall be and remain in the payee until all of said notes or any renewals thereof shall be paid in cash. The payee may in order to protect his interest in said car, or in the event of failure of the undersigned to perform any of the terms or conditions of this agreement, at its option enter the premises of the undersigned, or any premises where said property or any part thereof may be found, and move the same therefrom without let or hindrance or without making demand of any kind therefor, and may retain the same and all moneys paid on account of said note, or of the purchase price, for the use, wear, and tear of said car up to the time of said retaking; and may treat all obligations on its part to sell said car to the undersigned as terminated, or payee may, upon any repossession of said car, at its election, treat this agreement as in full force and effect, retaining possession of said car as security for the performance of the terms of this agreement and all costs which it may incur in retaking or holding the same. No new note, additional security, suit or judgment obtained upon any of said notes shall constitute payment thereof so as to operate as a waiver of the payee's title to said car. The undersigned shall not transfer said car or remove the same from the state of California, or permit any lien to attach thereto, or assign any of his rights therein, without the consent of the payee. The undersigned agrees to keep said car in good order and condition and to insure same free of charge to the payee against loss by fire, theft and transportation for an amount equal to the aggregate of the deferred payments so long as any of said payments shall remain unpaid; the insurance to be

payable to the payee or his assigns as their interest may appear, and the policy to be delivered to the payee and held by him or his assigns until said contract is fully discharged. Should the undersigned fail to deliver to the payee a policy of insurance upon the signing and delivering of this contract, the payee or his assigns is authorized to insure said property for one year for two-thirds of the purchase price hereinbefore mentioned, the cost of said insurance together with interest thereon at the rate of eight per cent. per annum to be paid by the undersigned on demand. In case the payee or his assigns shall employ an attorney to recover either the property or collect any unpaid balance due under this agreement, the undersigned promises to pay the additional sum of $50 as and for attorney's fees. The undersigned further promises to pay to the payee or his assigns any expense that the payee or his assigns may incur in recovering the possession of the said property, or collecting any balance due under this contract, in the event that the undersigned fails to perform any of the promises and covenants to be performed by the undersigned. Time is of the essence hereof, and the undersigned further agrees that in the event the payee shall in good faith assign and transfer this contract, and the moneys payable thereunder, to a third party, then the undersigned shall be precluded from in any manner attacking the validity of this contract on the ground of fraud, duress, mistake, want of consideration, or failure of consideration, or upon any other ground, and all moneys payable under this contract by the undersigned shall be paid to such assignees or holder without recoupment, set-off or counter-claim of any sort whatsoever.

"Sam McCullough, Visalia, California."

The following indorsements appear on the back of the instrument:

"F. J. Linz Motor Co. F. J. Linz. For value received I hereby guarantee payment of the within obligation and any renewal thereof, and hereby waive presentation, demand, protest and notice of nonpayment, and consent to any extension of payment acceptable to the holder. F. J. Linz

Motor Co. F. J. Linz. For value received, we do hereby sell, assign and transfer to Merchants National Bank of San Francisco, all of our right, title and interest in and to the within agreement, the property therein described and all moneys to become due thereunder.

"F. J. Linz Motor Co., by F. J. Linz. Dated 8-8-21."

Plaintiff claims to be a "holder in due course." The defendant in his answer admits execution of the instrument, alleges that it was procured by the fraudulent concealment of the Linz Motor Company, and that the automobile of which it formed the purchase price was, in truth and in fact, never delivered by that organization. To defendant's pleadings a reply was filed. Trial resulted in a judgment and verdict in favor of the defendant, from which plaintiff appeals.

Uncontradicted evidence in the record discloses that the instrument in suit was made in the state of Nebraska and was to be wholly performed in California. This court is committed to the doctrine: "Where a promissory note is made in one state, to be performed in another state, it is, ordinarily, to be regulated and governed by the law of the place of performance, without regard to the place at which it was written, dated, or signed, unless it clearly appears that the parties intended that the contract should be governed by the law of the place where made." *Farm Mortgage & Loan Co. v. Beale,* 113 Neb. 293.

The laws of California are not pleaded by either party. But certain statutes of California, portions of the negotiable instruments law of that state, were introduced in evidence, and as both parties expressly stipulate that any of the provisions of the Code of California (on this subject) might be made a part of the bill of exceptions by either party, we must assume that both parties in the district court proceeded on the theory that the laws of California are controlling in this case. If we are correct in this deduction it follows that this court is bound by this principle. Plaintiff, in the court below, and at the present time, insists that the instrument in suit is a negotiable promissory note; that

it occupies the position of a holder in due course thereof; and that the action of the district court in permitting the introduction of this evidence to establish the defense pleaded by the defendant denied the plaintiff its right as such. That, as permitting the introduction of this evidence was in effect to hold that the instrument in suit was nonnegotiable, it constituted reversible error.

It is thus obvious that the California law is exclusive and is controlling. The statutory provisions of California are before us, and their correct interpretation, in accordance with the doctrine announced by the supreme court of that jurisdiction, will be the test by which the action of the district court is to be judged.

We find the provisions of the California negotiable instruments act, in point in the present case, were construed by the supreme court of that state in the case of *Central Savings Bank v. Coulter*, 72 Cal. App. 78. In this case the facts before that court embraced a promissory note in usual form, but containing the statement: "This note is secured by a deed of trust dated the 17th day of November, A. D. 1919." This trust deed contained certain provisions which it was contended rendered the note nonnegotiable. The supreme court of California sustained this contention in the following language:

"Sections 3082 *et seq.* of the Civil Code define what instruments must contain in order to be negotiable. Among other things, there must be an unconditional promise or order to pay a sum certain in money, with interest at a definite time or by instalments; may have a provision accelerating the due date with exchange, costs, and attorney's fees; the instrument must be payable on demand at a fixed or determinable future time; the time of payment may be on or before a certain specified event which is certain to happen. It is also provided that an instrument payable on a contingency is not negotiable. That the deed of trust set forth in the record violates many of the terms of the uniform negotiable instruments act of this state plainly appears by an analysis of its provisions. This analysis is set

forth so succinctly in the respondent's brief that we take the liberty of quoting it in full: '(a) It provides for the payment of further advances and all sums now or hereafter owing by the makers. (b) It provides for the payment of "all taxes and assessments." (c) Of all other charges and incumbrances now or hereafter appearing as a lien upon the property. (d) Of all expenses and attorney's fees expended by the creditor in any action affecting the property or the title thereto. (e) Of all sums expended by the creditor in settling or compromising of any adverse claim; or, (f) Of all sums expended by the creditor on account of taxes, assessments, etc. The deed of trust provides that the entire sum secured by the deed of trust may be declared due, "if default be made........in the payment of any of the other moneys herein agreed to be paid," or "if breach be made in the performance of any obligation for which this deed of trust is a security." This means that the entire sum secured becomes due, not alone in one year, nor upon the happening of an event "which is certain to happen," but (a) if the maker fails to pay any taxes; or (b) if he fails to pay any assessments; or (c) if he fails to pay any charge or incumbrance; or (d) if he fails to repay any expenses or attorney's fee expended by the creditor in any action involving the property or the title; or (e) if he fails to repay any sum paid in settlement or compromise of any adverse claim; or (f) if he fails to repay any sum expended by the creditor on account of taxes or assessments.' We conclude that the note under consideration is a nonnegotiable instrument and that the appellant's objection to testimony based upon the alleged negotiability of the note in question is not well founded." *Central Savings Bank v. Coulter,* 72 Cal. App. 78.

Comparing the provisions thus held by the supreme court of California to be in violation of "many of the terms of the California uniform negotiable instruments act" in *Central Savings Bank v. Coulter, supra,* it is obvious that certain of the provisions of the instrument in suit are likewise in conflict with the terms and conditions of that act.

It is also quite evident that the supreme court of California in the foregoing excerpt, and its conclusions as to the effect of collateral agreements relating to the security on the subject of negotiability stated in the foregoing excerpt, is wholly at variance with the doctrine of this court on that subject, announced in *Garnett v. Meyers*, 65 Neb. 280.

It seems, under the California doctrine, covenants and agreements pertaining to the security for the purpose of the rule are deemed identical in legal effect with agreements pertaining solely to the indebtedness secured thereby. Indeed, it would seem that the instrument here in suit violates the restrictions of the uniform negotiable instruments act in a greater degree than the instrument before the supreme court of California in the *Coulter* case. The instrument here presented, among other provisions, contains the following: "The payee may in order to protect his interest in said car, * * * at its option (retake the property) * * * and may retain the same and all moneys paid on account of said note, or of the purchase price, for the use, wear and tear of said car up to the time of said retaking; and may treat all obligations on its part to sell said car to the undersigned as terminated."

It is to be noted that this exercise of retained power is not in any manner dependent upon a prior default on the part of the maker of the instrument. Assuming the provision in question to be valid, it must be conceded, even in the absence of default on the part of maker, and before the maturity date stated therein, the holder in due course is vested with the right by the instrument itself to treat that writing as a conditional sale contract wholly terminable at his option and discretion. The effect of such termination which the terms of the instrument necessarily contemplate is that all rights vested in the maker of the instrument to the property involved by such determination vanish. Of course, it would follow that no right to recover from the maker the amount unpaid then remaining survives. *Liver v. Mills*, 155 Cal. 459; *Muncy v. Brain*, 158 Cal. 300.

The obligations of the contract would be at an end, their

force and effect forever terminated. The instrument, by its terms, placing the matter of determining the "certainty of the amount due," and the "certainty of the date of maturity," and the "continuance of the contract itself," exclusively within the breast of the payee or his assignee without respect to any default on the part of the maker of the instrument, or maturity of the obligations, wholly fails to conform to the requirements of the California negotiable instruments law on these subjects. California has adopted the rule that "Whenever the note (or some collateral agreement known to the indorsee) makes the note payable whenever the payee deems himself insecure, the due date is usually held to be uncertain and the note nonnegotiable." *People's Bank v. Porter,* 58 Cal. App. 41. The provisions before us are more than mere permission to the payee to take the car in the event of failure of payment on the due date, "as something to be done in lieu of the payment of money." The rights reserved are more than the mere conferring upon the payee a choice of remedies when the note becomes due, either to reclaim the chattel or sue for money. It affects and destroys the absolute "promise to pay," both as to "certainty of amount" and "certainty of date of maturity." These essential requirements of negotiable paper, in view of the rule above quoted, cannot be satisfied by the terms of an instrument making these elements without respect to maturity date, or any default of maker, dependent wholly on the fact that any particular holder may at any particular time deem himself unsafe and insecure.

In view of all the provisions of the instrument in suit, construed as a California contract, and governed by California laws, we do not find that the district court, in the record before us, committed reversible error.

It follows, therefore, that the judgment and proceedings of the district court are correct, and the judgment is

AFFIRMED.