[Civ. No. 8252. First Appellate District, Division Two.—May 13, 1932.]

EMIL L. MENVEG, Respondent, v. RUFUS H. FISH-BAUGH et al., Appellants.

G. C. De Garmo, H. B. Cornell and Winthrop M. Crane for Appellants.

John A. Jorgenson for Respondent.

JAMISON, J., *pro tem.*—This is an action for specific performance. Judgment was rendered in favor of plaintiff and from this judgment defendants have appealed.

Substantially, the facts are as follows: On February 14, 1927, appellants Rufus H. Fishbaugh and Rosella S. Fishbaugh, residing at Markle, Indiana, were the owners of two certain lots in the city of Wilmington, Los Angeles County, California, and on that day appellant Ernest C. Fishbaugh, the son of the said Fishbaughs, without the knowledge of his said parents, signed a written contract by the terms of which he agreed to sell to respondent the said two lots for the sum of $4,000.

Respondent signed the said contract as purchaser. It was also signed by T. C. Thompson & Company by E. A. Murphey as agent. At the time this agreement was executed Ernest Fishbaugh was paid $100 and same was credited to respondent as a deposit on account of said purchase price.

On the same day this contract was signed Ernest Fishbaugh sent a telegram to his father stating that he had sold the lots for $4,000 and for him to send deeds and papers at once, and on the next day he received an answering telegram from his father congratulating him on the sale, and stating that he would send deed at once. The deed referred to in this telegram was the deed by which Rufus Fishbaugh and wife had acquired title to said lots. Shortly thereafter Rufus Fishbaugh mailed this old deed and guarantee of title to his son at Los Angeles.

On February 20, 1929, L. M. Volker, the secretary of Ernest Fishbaugh, mailed said documents to Thompson and Company. On February 23, 1929, Thompson and Company mailed a letter to Rufus Fishbaugh, addressed to him at his home in Indiana, in which they acknowledged receipt of the said deed and title guarantee covering the two lots in Wilmington which they had sold through his son and stating that they had placed the escrow instructions with the Bank

of Italy, Wilmington branch, under escrow No. 5229 and that said bank was on that day sending them seller instructions and papers for their signatures. On February 25, 1929, W. M. Stamp, assistant cashier of said bank mailed a letter to Rufus Fishbaugh inclosing sellers' escrow instructions and a deed for said lots, with request that said Rufus Fishbaugh and wife sign and acknowledge the said deed and stating that as soon as he received back said documents he would proceed to close said escrow. On March 6th, Thompson and Company sent a telegram to Rufus Fishbaugh, in which they notified him that said bank had not received back the said documents and on March 7th, Thompson and Company received an answer to their telegram from Rufus Fishbaugh in which he stated that said documents were mailed to his said son on February 28, 1929.

On March 7, 1929, Ernest Fishbaugh sent a telegram to his father, in which he stated that he had received a better offer for said lots and for his father to wire him at once that he had changed his mind and did not desire to sell and on March 8, 1929, Rufus Fishbaugh wired back to his son that he had changed his mind and not to sell said lots.

On March 8th, Ernest Fishbaugh wrote Thompson and Company that his father had changed his mind about selling said lots and inclosed check for $100 to reimburse them for the deposit made.

This check was returned to Ernest Fishbaugh. It is not disputed that respondent has performed all of the conditions and promises to be performed in said contract upon his part, and has offered to pay appellants the balance of the purchase price and has tendered same into court.     Appellants contend that certain findings are not supported by the evidence, namely, that the finding of the court that appellants Rufus Fishbaugh and wife were at all times informed of the acts of Ernest Fishbaugh in making the sale of said real estate to respondent and the terms thereof and approved all of such acts in writing. This contention cannot be sustained for the reason that not only was Rufus Fishbaugh notified by telegram from his son that the lots were sold for $4,000, but he and his wife received and signed these sellers' escrow instructions and signed and acknowledged the deed conveying the said lots to the Toro Company, Inc., this company being a holding company in which re-

spondent was interested and which at his request was substituted as grantee. These documents were mailed by Rufus Fishbaugh to his said son, were received by him and through his secretary were transmitted to appellants' attorney G. C. De Garmo. At the trial respondent requested of said De Garmo that he produce said documents, which he refused to do, merely stating that he did not have them.

Appellant claims that the finding that the sellers' escrow instructions were signed by Rufus Fishbaugh and wife and that they forwarded them to their said son is not supported by the evidence. A review of the testimony will show that this finding is sufficiently supported.

The next contention of appellants is that Ernest Fishbaugh at the time he signed the contract had no authority either written or oral from his parents to sell the said lots or to enter into any contract for their sale. While it is true that there is no evidence that Ernest Fishbaugh had any written authority from his parents to enter into an agreement for the sale of said lots, and therefore under the provisions of subdivision 5 of section 1624 of the Civil Code such agreement would be invalid and not binding upon his parents, still the law is well settled that such agreement may be rendered valid and binding by subsequent ratification. (Civ. Code, sec. 2307; 1 Cal. Jur. 766.) The ratification to be binding must have been made with full knowledge of all the material facts. (*Promis* v. *Duke*, 208 Cal. 420–427 [281 Pac. 613]; 1 Cal. Jur. 777.)

The court found that appellants Rufus Fishbaugh and wife were at all times informed of the acts of their said son in making the sale of said lots and of the terms thereof and approved said acts in writing. This finding is supported by the telegrams between Rufus Fishbaugh and son and by the letter and sellers' escrow instructions sent Rufus Fishbaugh by said Stamp, the assistant cashier of said bank. The court was also justified by the evidence in finding that Rufus Fishbaugh and wife signed the sellers' escrow instructions and the grant deed forwarded to them by said Stamp, and that the said sellers' escrow instructions and grant deed were sent to and received by their said son. By section 2310 of the Civil Code it is provided that a ratification can be made only in the manner that would have been necessary to confer original authority for the act ratified. In other words,

the ratification must be in writing and signed by the party or parties so ratifying. The telegram of the son stating that he had sold the lots for $4,000 and the answer thereto congratulating him upon the sale, and the fact that Rufus Fishbaugh and wife signed the sellers' escrow instructions and signed and acknowledged the deed which they sent to their son for delivery in escrow would seem to meet this requirement. There was also the telegram from Rufus Fishbaugh to Thompson & Company, who were representing the son in this sale, stating that the deed and escrow instructions had been mailed to his son.

Appellants contend that as there was no delivery of the documents signed by Rufus Fishbaugh and wife to respondent or to the escrow-holder, there was in fact no ratification and in support thereof cite *Zellner* v. *Wassman,* 184 Cal. 80 [193 Pac. 84, 87]. In that case the court used the following language: "It has been held in this state that an undelivered deed cannot be regarded as a sufficient memorandum of an oral agreement for the sale of land therein described when the deed is silent as to the terms of the alleged agreement and merely conveys the land from one party to another. (*Swain* v. *Burnette,* 89 Cal. 564, 570 [26 Pac. 1093].)" In the case now under consideration Rufus Fishbaugh and wife not only signed and acknowledged the deed, but they also signed the sellers' escrow instructions which fully and clearly set forth a memorandum of the terms of the said contract, and delivered them to their said son. This met the requirement that the ratification must be in writing. And such ratification is equivalent in effect to a previous authorization. (*Union Trust & Realty Co.* v. *Best,* 160 Cal. 263 [116 Pac. 737]; *Ballard* v. *Nye,* 138 Cal. 588, 597 [72 Pac. 156]; *Central Sav. Bank* v. *Coulter,* 72 Cal. App. 78–87 [236 Pac. 956].)

The contract in the instant case was signed by the son as the seller of said land, but the rule is well established in this state that the contract of an agent who deals in his own name without disclosing that of his principal is the contract of the principal and the principal is liable thereon. (1 Cal. Jur. 856; *Central Sav. Bank* v. *Coulter, supra.*)

Appellants invoke the aid of the statute of frauds, but under the facts proven in this case we see no merit in this contention. The general rule is that a letter or telegram is a sufficient memorandum to take the case out of said

statute, though it be addressed to the writer's agent or to a third person.    (20 Cyc. 255; *Moss* v. *Atkinson*, 44 Cal. 3.)

A contract for the purchase of real estate is assignable by the purchaser (25 Cal. Jur. 698) and can be assigned without the consent of the vendor (*Laack* v. *Dimmick*, 95 Cal. App. 456–459 [273 Pac. 50], and authorities cited), unless there are restrictions against such assignment.

The court found that respondent had performed all the conditions and promises on his part to be performed in said agreement and offered to pay appellants the balance of the purchase price aforesaid and tendered the same in court.    There is no contention upon the part of appellants that the court erred in this finding.    They claim, however, that the court erred in rendering judgment against Ernest Fishbaugh.    As a general proposition a judgment cannot be had against both the principal and agent, but in this case the court found that the deed executed by Rufus Fishbaugh and wife was delivered by them to Ernest Fishbaugh, and the evidence was to the effect that it still remains in the possession of Ernest Fishbaugh or his attorney.

Under these circumstances we think the court had the right to require of him, by its judgment, that he deliver the said deed to respondent.

The judgment sets forth that the court is unable to determine in this action the amount of the deduction on account of the costs of one-half of the escrow fee, title charges in continuing title and other incidental expenses in their behalf, and that if respondent pays said charges he may recover same hereafter in an independent action.    Appellants contend that this part of the judgment is erroneous for the reason that it permits the court to decree the recovery in the future of a speculative contingent, unliquidated sum.    Respondent produced in evidence a copy of the sellers' escrow instructions, the original of which was signed by Rufus Fishbaugh and wife, which stated that an amount equal to one-half of the escrow fee, title charges in continuing title to date, drawing documents and other incidental expenses of the escrow were to be deducted from the purchase price of said lots.

By reason of the fact that at the date of the rendition of the judgment it was impossible to determine the amount of these items, or to offer proof of same, we are of the opinion

that the court could not do otherwise than leave these matters to future adjudication.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.