OWYHEE LAND & IRR. CO. v. TAUTPHAS.

(Circuit Court of Appeals, Ninth Circuit. February 24, 1903.)

No. 883.

1. FOREIGN CORPORATIONS—CONTRACTS—PRESIDENT—AUTHORITY—EVIDENCE.
Where a corporation executed a certificate under seal which recited that P., who signed the same as president, was the president of such corporation, and that the certificate appointed certain persons in another state as the corporation's agents on whom process might be served, as required by the laws of such state, such certificate was admissible as

evidence that P., who signed the contract on behalf of the corporation, was in fact its president.

**2. SAME.**

In an action on a contract with a foreign corporation, evidence that plaintiff had been requested to go to the corporation's office, and there attended a meeting of the board of directors, which was held in the office of the person who signed the contract as president of the corporation, which was in connection with the corporation's office, was admissible.

**3. SAME—VALIDITY OF CONTRACT—ESTOPPEL TO DENY.**

Where a corporation accepted the benefit of a contract executed by its president in its behalf, and repeatedly recognized the contract by payment of a large part of the consideration, it could not question the validity of the contract after full performance by the other party thereto.

**4. SAME.**

In an action on a contract with a foreign corporation for the construction of an irrigation canal, evidence as to what occurred at a meeting held in the office of the alleged president, adjoining the office of the company, attended by persons purporting to be directors of the company, and letters purporting to be written at the company's office, and signed by persons transacting its business there, and in control of its funds, was admissible.

In Error to the Circuit Court of the United States for the Central Division of the District of Idaho.

Wyman & Wyman, for plaintiff in error.

Hawley & Puckett and E. M. Wolfe, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. There is no merit in this appeal. The action was brought to recover a balance alleged to be due from the defendant below (plaintiff in error here) on a written contract alleged by the plaintiff below to have been entered into between him and the defendant for the construction by the plaintiff for the defendant of a certain canal in Owyhee county, Idaho, for which the defendant agreed to pay the plaintiff $150,000, of which sum three-fourths, or $112,500, was to be in lawful money of the United States, and one-fourth, or $37,500, in the bonds of the company at par, with accrued interest. It is not disputed that the plaintiff fully performed his contract, and that from time to time during the progress of the work the defendant company delivered to the plaintiff all of the bonds and paid him all of the money stipulated to be paid, except $40,831. Notwithstanding these facts, which were expressly found by the court below (before which the case was, by the stipulation of the respective parties, tried without a jury), the plaintiff in error insists that no competent authority was shown for the execution of the contract on the part of the company, and therefore that there can be no recovery upon the complaint upon which the action is based. The answer having put in issue the averment in respect to the making of the contract, the plaintiff on the trial put in evidence the written contract, signed by the plaintiff as contractor, and, on the part of the defendant company, "Owyhee Land and Irrigation Company, by Whipple V. Phillips, President," and witnessed by "Charles L. King and Andrew J. Wiley." There was a written modification indorsed on the contract,

similarly signed, and witnessed by "Edwin E. Phillips, witness for Whipple V. Phillips."

The bill of exceptions recites:

"The plaintiff, to maintain the issues on his part, introduced evidence showing that he had entered into the contract in question with W. V. Phillips at Grand View, Idaho; that Phillips claimed to be the president of the defendant corporation; that no resolution, or other action of either the board of directors or of the stockholders of the defendant, authorizing the contract in any way, was made or had, but evidence was admitted showing the contract, and the work under it, to have been within the knowledge and with the consent of certain persons whom the plaintiff claimed to be officers of the defendant, and members of its board of directors.

"And the plaintiff, further to maintain the issues on his part, offered in evidence a certified copy of the appointment of Wiley and Wing as agents upon whom service of process may be had under the provisions of the Constitution and statutes of Idaho, which said certificate bears the signature 'W. V. Phillips,' as president, and a seal purporting to be the seal of the defendant. They were offered for the purpose of proving that said Phillips was president of the defendant corporation.

"To the introduction of each of these instruments the defendant objected on the ground that each is incompetent for the purpose offered, and as not being the best evidence. Defendant claimed the best evidence to be the minutes of the board of directors and of the stockholders' meetings, and called for the same. But the objections were overruled, and to each of said rulings the defendant excepted for the reasons aforesaid. Whereupon the certificates were read in evidence. The material parts thereof are as follows:

" 'Exhibit A.

" 'Know all men by these presents, that the Owyhee Land and Irrigation Company, a corporation organized and existing under the laws of the state of Rhode Island, does hereby, in pursuance of the laws of the state of Idaho, make this certificate, and does hereby designate Owyhee county in the state of Idaho as the county in which the principal place of business of said corporation in the said state of Idaho shall be conducted, and does hereby designate Charles L. Wing, residing at Grand View in said Owyhee county, as the authorized agent of said corporation in said state of Idaho, on whom process issued by authority of or under any law of the state of Idaho may be served under article XI, section 10, of the Constitution of the state of Idaho.

" 'In witness whereof, the said Owyhee Land and Irrigation Company has caused this certificate and acceptance to be executed and acknowledged and delivered in the name and on its behalf by its president, and to be attested by its secretary, and have caused its corporate seal to be hereunto affixed at Providence in the county of Providence, and in the state of Rhode Island, this 10th day of May, 1893.

" '[Seal]    Owyhee Land and Irrigation Company,
" 'By Whipple V. Phillips, President.
" 'Attest: Clarke H. Johnson, Secretary.'

"(Duly acknowledged.)

—Which instrument was filed in the office of the Secretary of State of the state of Idaho on June 14, 1893.

"And Exhibit B is the same in form and substance, except that it is dated January 20, 1894, filed in the Secretary's office on February 5, 1894, and designates Andrew J. Wiley as such statutory agent."

The plaintiff testified that he entered into the contract in Idaho with Phillips, who represented himself to be the president of the defendant company, and that the modification was made at Providence, R. I., where the plaintiff went at Phillips' request, and where, at the office of the company, the plaintiff met the president, treasurer, and a number of the directors of the company. The plaintiff

in error objected to this testimony on the ground that the minutes of the corporation were the best evidence of who constituted its officers. The witness Wiley testified, in part, as follows:

"I was at the company's offices at Providence at one time during the building of the canal. The meeting of the board of directors was had in Mr. Phillips' office, in connection with the company's office. Question. State who were present on that occasion? Answer. I cannot remember all of them; perhaps five or six. It was supposed to be a full meeting of the board of directors."

The defendant moved to strike out that portion of the witness' answer in respect to its being "a full meeting of the board of directors," on the ground that it was not the best evidence, nor responsive to the question. The witness Wiley also stated that, according to his recollection, five directors were present—among them, one Potter and one Blanchard, both of whom he testified were directors, and the latter also treasurer, and that Phillips was president, and presided at the meeting. The witness further testified:

"The meeting discussed pursuance of the work. I had come East at the request of the president. The contract between the plaintiff and defendant was discussed very fully."

To all of this testimony the defendant objected. The objections were overruled, to which ruling the defendant excepted.

The plaintiff was also permitted to introduce two letters—one dated, "Providence, R. I., October 16, 1894," with the heading, "Office of the Owyhee Land and Irrigation Company. W. V. Phillips, President and General Manager," and purporting to be signed, "Owyhee Land and Irrigation Company. Edwin E. Phillips," addressed to the plaintiff, and inclosing him a draft for $1,025 on account of work performed under the contract, and informing him that the company would send the bonds by the next mail. The plaintiff testified that he did not know the handwriting of said Edwin E. Phillips, but knew him as the secretary of the company, and received the letter in due course of mail. The court admitted the letter in evidence over the objection of the defendant that it was "incompetent, being written by some one not shown to be an officer of the company." The other letter was dated, "Providence, R. I., April 24, 1895," with the heading, "Office of the Owyhee Land and Irrigation Company. W. V. Phillips, President," and purported to be signed, "Owyhee Land and Irrigation Company. H. K. Blanchard, Treas., pr. C. G. Moore," addressed to the plaintiff, and inclosing him a draft for $2,025, "being cash payment in full for work performed in Idaho during the month of March as per contract," which letter, with the draft inclosed, the plaintiff testified he received in due course of mail, and which letter was admitted in evidence over the defendant's objection that "it was not shown that Blanchard was an officer of the company, or that he ever signed or ever saw the letter."

The above rulings of the court in the admission of testimony and evidence, to all of which the defendant reserved exceptions, constitute the only grounds for the appeal. None of them, in our opinion, are well taken. There could be no better proof of the

fact that Whipple V. Phillips was the president of the defendant corporation than the certificates issued under its seal, reciting the fact that he is president, signed by him as president, and attested by its secretary, and designating, pursuant to a provision of the Constitution of the state of Idaho, certain named persons residing in Owyhee county, of that state, as the authorized agents of the corporation therein, on whom process issued pursuant to the laws of the state might be served. Moreover, a corporation, on whose behalf a contract has been executed by its president, cannot be allowed to question its validity after its full performance by the other party thereto, the acceptance of its benefit, and repeated recognition of its binding character by the payment by the corporation of a large part of the consideration for the work done thereunder. Such acts constitute a complete ratification, even if the contract was originally unauthorized. And persons shown to have acted as officers of the corporation in such negotiations, to have met in its office, there transacted its business, and to have been in control of its funds, may properly be held, in such cases as the present, to be at least its de facto officers.

The judgment is affirmed, with 10 per cent. thereon as damages for frivolous appeal.