[S. F. No. 8214. In Bank.—May 9, 1919.]

## HUTCHINSON CO. (a Corporation), Respondent, v. CHAS. B. GOULD et al., Appellants.

[1] STREET LAW — SIGNING OF CONTRACT ON BEHALF OF OWNER — AUTHORITY—SUFFICIENCY OF EVIDENCE.—In this action to foreclose a mechanic's lien upon certain lots for street work done under private contract, it is held that the finding that the owner of the lots was bound by the signature of the person signing the contract on his behalf, is sustained by the evidence, which showed a ratification by the owner.

[2] PRINCIPAL AND AGENT—RATIFICATION OF ACT OF AGENT—LACK OF FULL KNOWLEDGE — LIABILITY OF PRINCIPAL.—The lack of full knowledge does not protect a principal who is willfully ignorant, and deliberately chooses to act without such knowledge, as where, knowing that he is ignorant of some of the facts, he has such confidence in his agent that he is willing to assume the risk and ratify the act without making inquiry for further information than he at the time possesses, or where he intentionally and deliberately ratifies without full knowledge, under circumstances which are sufficient to put a reasonable man upon inquiry.

[3] STREET LAW—LIEN—CREATION BY LAW.—The lien for the contract price for work done upon a public street is created by law, and a contract providing for liens "as provided by section 1191 of the Code of Civil Procedure of the state of California," by reference makes the law concerning liens for work done on public streets a part of the contract.

[4] ID.—PRIVATE CONTRACT FOR STREET WORK—WRITING NOT ESSENTIAL.—Contracts for the performance of work upon public streets by private contract need not be in writing.

[5] ID.—PAROL RATIFICATION OF CONTRACT.—Ratification of the act of signing a contract for street work on behalf of the owner of lots may be made by the owner by parol, notwithstanding the contract provided for a lien for the value of the work.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge. Affirmed.

The facts are stated in the opinion of the court.

Reed, Nusbaumer & Bingaman for, Appellants.

Robinson & Robinson & Price, James S. Moore, Jr., and R. W. Macdonald for Respondent.

WILBUR, J.—This is an action to foreclose a mechanic's lien upon certain lots owned by defendant Charles B. Gould for street work done under private contract by the plaintiff. Plaintiff had judgment and defendant Gould appealed.   The street work was done under a written contract signed by S. S. Austin on behalf of Gould, the owner of the lots sought to be subjected to the lien.   The only question in the case is whether or not the finding of the trial court that appellant is bound by the signature of Austin to the contracts for street work is sustained by sufficient evidence.   [1]  A consideration of the evidence most favorable to the finding of the trial court leads us to the conclusion that there was sufficient evidence to justify the findings of the trial court.   The vice-president and general manager of respondent testified that after the signing of the contracts in question by Austin he told appellant that: "Mr. Austin has signed our contract for Gray Street and Douglas Street. . . . I told him that Mr. Austin had signed our contracts for the improvement of these two streets, Boulevard Park Tract, and asked him if Mr. Austin was authorized to do it.   He said, 'Did Mr. Austin sign it?'   I said, 'Yes, he has signed our contract.'   He said, 'That is satisfactory to me.' "   The appellant contends that this conversation did not amount to a ratification and that, if it did, it was a ratification without a full knowledge of the facts, and therefore not binding on the appellant.   In order to understand the situation of the parties and the significance of the conversation it will be necessary to state additional evidence.   Appellant was the owner of unsold lots in the Boulevard Park Tract.   The Union Bank of Savings held a mortgage thereon and all sales of unsold lots were handled at the bank.   Miss Baker, an employee in the bank, held appellant's general power of attorney.   The appellant testified that he did not handle these properties at all.   S. S. Austin was the sales agent of the tract.   For six or seven years he had been daily upon the property, occupying a branch office thereon.   He had sold most of the property and had handled the improving and selling of the tract.   When anything was required to be done the usual procedure was for Austin to notify the bank and for them to authorize him to proceed. Mr. Austin had signed a protest against the street improvement for appellant.   He had caused a sidewalk to be laid in front of the lots in this litigation, which was paid for.   At

the request of the other property owners along Gray and Douglas Streets Mr. Austin signed a contract for the improvement of these streets on behalf of appellant and with all the other property holders fronting on these streets. It was under these circumstances that respondent's general manager told Mr. Gould that Mr. Austin had signed "our contracts for the improvements of these two streets, Boulevard Park Tract, and asked him if Mr. Austin was authorized to do it" and received the reply, "That is satisfactory to me." Appellant contends this is not a sufficient ratification for the reason that he had insufficient information at the time of the nature and character of the contract to ratify the same, and for the further reason that the ratification was not in writing. It is true that the nature and character of the proposed improvements and the price therefor and the extent thereof—essential features of the contract—were not disclosed by the statement and question of Mr. Hutchinson. On the other hand, Mr. Gould knew of his ownership of the lots fronting upon the streets in question; knew Mr. Austin and his familiarity with the contract and with the conditions necessary for successful sales, and his question concerning the contract, "Did Mr. Austin sign it?" showed that he was willing to trust to the judgment of Mr. Austin in regard to the matters not disclosed by Mr. Hutchinson's question. As is said in 2 Corpus Juris, 481: **[2]** "The lack of full knowledge does not protect a principal who is willfully ignorant, and deliberately chooses to act without such knowledge, as where, knowing that he is ignorant of some of the facts, he has such confidence in his agent that he is willing to assume the risk and ratify the act without making inquiry for further information than he at the time possesses, or where he intentionally and deliberately ratifies without full knowledge, under circumstances which are sufficient to put a reasonable man upon inquiry." (See, also, to the same effect, Mechem on Agency, 2d ed., sec. 404; *Ballard* v. *Nye,* 138 Cal. 588, 598, [72 Pac. 156]; *Pope* v. *Armsby,* 111 Cal. 159, [43 Pac. 589]; *Phillips* v. *Phillips,* 163 Cal. 530, 535, [127 Pac. 346].)

Appellant contends that as the contract in question provided for a lien, it is a contract providing for an interest in real estate required by the provisions of section 1971 of the Code of Civil Procedure, to be in writing and that, therefore, under the provisions of section 2310 of the Civil Code, the

ratification in question must have been in writing.   [3]    The lien for the contract price for work done upon a public street is created by law.   (Code Civ. Proc., sec. 1191.)   The contract does no more than expressly recognize this fact.   It therein provides for liens "as provided by section 1191 of the Code of Civil Procedure of the state of California," thus by reference making the law concerning liens for work done on public streets a part of the contract.   [4]   It has been held by this court that contracts for the performance of work upon public streets by private contract need not be in writing.   (*Kreuzberger* v. *Wingfield,* 96 Cal. 251, [31 Pac. 109].)   [5]   The effect of the contract would have been the same with or without the stipulation concerning the liens for the value of the work done.   Such stipulation is not a material part of the contract and may be disregarded.   Authority to execute the contract might rest in parol and its ratification therefore can rest in parol.   (Civ. Code, sec. 2309.)

The judgment is affirmed.

Shaw, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.