[No. 2831. Sept. 21, 1925.]

# McKINLEY COUNTY ABSTRACT & INVESTMENT CO. v. SHAW

### SYLLABUS BY THE COURT

1. Failure to give prior notice of the entry of judgment in a case taken under advisement, as required by section 4229, Code 1915, is an irregularity to be taken advantage of by motion to vacate, under section 4230, Code 1915. The lack of such notice is not available as error if no motion to vacate has been made, particularly if the appellant has succeeded nunc pro tunc in obtaining consideration of his objections and their incorporation in the record.

2. A resulting trust may be shown by parol evidence.

3. Waiver of building restrictions in a deed may be shown by parol.

4. Estoppel to enforce building restrictions in a deed may be shown by parol.

5. Authority of o..icers and agents to bind a corporation by waiver or estoppel not always necessarily shown by formal action of board of directors.

Appeal from District Court, McKinley County; Holloman, Judge.

Suit by the McKinley County Abstract & Investment Company against M. Shaw. From an adverse judgment, plaintiff appeals. Affirmed.

A. T. Hannett, of Gallup, for appellant.

E. A. Martin and J. W. Chapman, both of Gallup, for appellee.

### OPINION OF THE COURT

. WATSON, J. This is a suit brought by appellant in the district court of McKinley county for an injunction to restrain violation of a building restriction. Upon the complaint and the giving of bond, temporary injunction issued, with order to show cause why it should not be made perpetual. Answer was filed and a hearing had.

From findings 1 to 4 it appears in substance that the appellant, under its former corporate name of the Thornton-Riddington Company, purchased a certain tract of land which it subdivided and platted as an addition to the town of Gallup, and was engaged in selling lots therein, in the great majority of cases inserting in the deeds thereto the following restriction:

"Provided always that it is one of the conditions of this deed that the grantee 'nerein, his heirs or assigns forever, will not build or permit to be built more than one house on any two lots or more than two houses on any three lots, and in no event any house that costs less than $3,500 to build."

That on March 1, 1920, plaintiff sold the lots in question to one H. W. Potts. and conveyed the same by deed including such restriction.

The fifth, sixth, and seventh findings are as follows:

"Fifth. That the said H. W. Potts, becoming, for some reason, dissatisfied with the nature of the lots so bought by

him, entered into an agreement with the said plainti.. to retransfer the lots so purchased, and to receive in lieu thereof a deed to other lots selected by him; that the said Potts did so receive other lots from the plainti.., but, for some reason undisclosed by the evidence, the deed retrnsfering the lots first bought by the said Potts was made, not to the plainti.. herein, but to one C. R. Ridington, who was at that time an o..icer of this plainti..; that the deed retransferring said lots to C. R. Ridington as aforesaid from the said H. W. Potts did not contain any restriction or condition as to the use and enjoyment of the property conveyed.

"Sixth. That thereafter the said plainti.., through its authorized agent, W. W. Turner, negotiated a sale for the lots formerly sold to said Potts, to the defendant herein. That the defendant refused t$_0$ purchase said lots subject to any restriction or condition as to the use and enjoyment of the land, and, after long negotiations, the said plainti.., through its o..icers, authorized and instructed the said W. W. Turner, as its agent, to sell the said lots to this defendant and to tell her that the said conditions and restrictions would not be enforced as to her, and authorized the said Turner to deliver to the defendant a deed for said lots, signed and executed by the said Ridington, which did not contain any such condition or restriction; that the said Turner, acting under said authority, did deliver a deed, without restriction or condition, to this defendant and did assure her that any such restriction or condition would not be enforced as to her, the said Turner then and there receiving from this defendant the purchase price of the said lots, and turned the money so received, less his commission for said sale, over to the plainti.. herein.

"Seventh. The court further finds that at various times officers of said plaintiff made similar representations to this defendant that she should receive a deed and should take said lots without restrictions or conditions."

Upon these findings, the court concluded as matter of law that the defendant took the title to the lots in question free and clear from any conditions or restrictions as to the use and enjoyment thereof, that the complaint should be dismissed for want of equity, and that the preliminary injunction was wrongfully and improvidently sued out by plaintiff and should be dissolved. Judgment was rendered dismissing the complaint, dissolving the injunction, for $100 as attorneys' fees, and for the costs of the suit.

[1] At the conclusion of the trial, the court took the cause under advisement, requiring the parties to

file briefs on the law and the evidence. Thereafter. on September 5, 1922, the findings, conclusion, and decree were signed and filed without · any notice to the appellant. Thereafter appellant presented to the court his objections to the decree and the findings and conclusions, wherein is included the objection ''that the plaintiff was given no notice whatever of the signing of the judgment given in this cause, and for the further reason that the plaintiff was given no opportunity to file requested findings of fact and conclusions of law.'' An order was made by the court, dated January 10, 1923, reciting that the cause came on to be heard on plaintiff's objections, and that both parties appeared by their attorneys. It was ordered that plaintiff be allowed to file its objections nunc pro tunc, and that the record show that such objections were filed before the judgment and considered and overruled by the court, and that plaintiff requested an exception to the ruling, which was granted.

Appellant complains first of error in the overruling of his objection to the decree on the ground that it was signed without notice, citing sections 4229 and 4197, Code of 1915. In Fullen v. Fullen, 21 N. M. 212, 153 P. 294, this court had occasion to consider section 4229 and the purpose thereof. It was there said :

"When a case has been submitted and taken under advisement by the court, the parties should have an opportunity, before the decree is entered, to suggest the form of the decree, except to findings of fact and conclusions of law by the court, if so advised, and to propose other findings and conclusions, so that their respective views, theories, and contentions may be fully represented by the record. If this opportunity is o..ered to a party, he has had all that he is entitled to by way of notice."

From the procedure adopted by the appellant in this cause, and the action of the court, it is to be inferred that appellant did present to the court all the objections which he desired to present to the decree and findings, and it appears that all of his objections were considered and overruled by the court. Thus, while appellant did not have the opportunity which the sec-

tion in question contemplates, he was allowed to take a later opportunity to accomplish the same purpose. He is, therefore, in the position of having received every benefit he could have received from notice, and of attempting at the same time to preserve a technical procedural objection. In our view, also, the failure of the court or of counsel to give prior notice of the entry of judgment is an irregularity which is to be taken advantage of by motion under the following section, 4230.

The irregularity having been waived by failure to move to set aside the judgment, and appellant having preserved his objections in another way, we see no merit in its contention of error.

[2-4] Appellant's further claims of error in the judgment are stated under one head, as follows:

"That there is no evidence to support finding No. 5 made by the court, and there is a..irmative record evidence, to wit, the abstract of title, * * * showing that the deed from the plainti.. herein to C. R. Redington contained the restrictions sought to be enforced herein, and the record evidence a..irmatively shows also that the property in question was never conveyed to the defendant, M. Show, by the plainti... company, and there is no evidence that the plainti.. corporate entity waived the restrictions or that any officer by and instrument competent to bind the plaintiff company, ever waived such restrictions."

Appellant bases its contention that there is no substantial evidence to support the finding to the effect that the equitable title of the lots was in the plaintiff, upon the claim that its objection to the testimony of witness Turner was improperly overruled. This was the question put to the witness:

"Q. Do you know whether or not that lot was really the property of the company or of Mr. Reddington?"

The objection was in this language:

"Object to that; the deed is the best evidence."

The objection urged in the brief is not that the deed was the best evidence, but that it was an attempt to contradict by parol the deeds already in evidence from plaintiff to Potts, and from Potts to Ridington. Thus, the objection urged at the trial is not the objection

now urged. There is, of course, a distinction between the best evidence rule and the parol evidence rule. We are unable to see, however, that either rule would be violated by parol evidence tending to show that, though the legal title was in Ridington, he was in reality holding in trust for the plaintiff. As no authority is cited in support of the contention, we presume that none can be found.

It is next urged that the evidence clearly shows that at the time of the sale of the lots to appellee, Ridington was no longer an officer of the corporation, and that the court erred in finding to the contrary. We do not understand the court so to find, but rather, that he was such officer at the time of the conveyance from Potts to Ridington. Appellant's remaining argument is introduced by the following statement:

"The real question before this court in this case is whether or not a covenant running with the land can be waived by parol and if so, can a salesman of a corporation or a person who has been the secretary of a corporation waive such restrictive covenant without a corporate act authorizing it."

It is to be observed that the sufficiency of the findings to support the conclusions of law and the judgment is not attacked, and was not questioned in the trial court. We cannot, therefore, concern ourselves with that question. Had the sufficiency of the findings been questioned, other findings might have been made. In this situation, it is our duty liberally to construe the findings in support of the judgment. Baker v. Trujillo De Armijo, 17 N. M. 383, 128 P. 73; Fraser v. Bank, 18 N. M. 340, 137 P. 592. The record being doubtful or deficient, we should indulge every presumption in favor of the correctness and regularity of the decision. Sandoval v. Unknown Heirs, 25 N. M. 536, 185 P. 282. And it is not our duty to search for reasons to reverse the judgment. Reymond v. Holt (N. M.) 141 P. 156 (not officially reported.)

Reverting now to appellant's statement of the issue: It is not clear whether the trial court reached the conclusion it did on the theory of waiver or on the theory

of estoppel. Appellant assumes that it was on the theory of waiver. Appellee assumes that it was on the theory of estoppel. Both waiver and estoppel are recognized defenses in such a case as this. Berry's Restrictions on the Use of Real Property, §§ 378 et seq. 390. Either waiver or estoppel may be proved by parol. Union Trust & Realty Co. v. Best, 160 Cal. 263, 116 P. 737.

.[5] Appellant assumes by his statement of the issue that the waiver was made by the salesman or by a person who had been the secretary of the corporation, and was not supported by any corporate act. This cannot be the true question, because the court, as seen, found (finding No. 6) that the sale and the representations and the delivery of the deed were the acts of Turner, the agent, under authority and instruction from appellant, through its officers. We might dismiss the matter here, upon the ground that, since neither the sufficiency of this finding nor the sufficiency of the evidence to support it has been questioned either here or in the court below, it is conclusive upon us. From the course of appellant's argument, however, we take it that the real proposition upon which he relies is that a waiver of the restriction here in question could only be shown by formal resolution of the board of directors. It is impossible to determine from the findings upon just what theory the court concluded that the waiver of the restriction was a corporate act. It must have been, however, because of appellant's conduct, as no resolution of its board of directors was shown. The conduct of the directors of a corporation may be such as to lead to the legitimate inference that the agent actually possesses the authority by consent, or it may be such that third parties dealing with the corporation through the agent justifiably believe that the agent actually possesses such authority. In either case, the act of the agent becomes binding upon the corporation. Whether so binding is often dependent upon a number of circumstances, one of which is likely to be the nature of the business in which the corporation is engaged. 3 Fletcher Cyc. of Corps. §§ 1916 et seq. It is not

true, of course, that any officer of a corporation has inherent power to make contracts disposing of its real estate. The power to do so must be derived from some corporate act or acts. Here, however, we have a corporation engaged in the business of disposing of lots in a subdivision. It is not to be supposed that the board of directors concerns itself with the details of each transaction. The business can be conducted practically only by investing its managing officers with powers more or less general. Whether the court inferred the actual possession of power from appellant's conduct, or whether he deemed the conduct of the appellant such as to estop him from denying the power, we do not know. In neither event would the exhibition of a resolution by the board of directors be essential.

Judgment was given against appellant for $100 as attorney's fees. As this was not objected to, we do not question its correctness. Stalick v. Wilson, 21 N. M. 320, 154 P. 708. But appellee asks that if we affirm the judgment, a further allowance of attorneys' fees be made by us. 14 R. C. L. p. 488, is cited, but is obviously not in point. We know of no statute, rule, or practice under which such an allowance is warranted.

Overruling, as we must, all argued assignments of error, the judgment is to be affirmed, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.