13 P.(2d) 408

**HENDERSON v. DWYER et al.**

No. 3632.

Supreme Court of New Mexico.

July 25, 1932.

Hurd, Crile & Webb, of Roswell, for appellant.

O. E. Little and James M. H. Cullender, both of Roswell, for appellee.

**PARKER, J.**

Mrs. Jennie Henderson, plaintiff and appellant, brought suit in the district court of Chaves county against Minnie Turnbull Dwyer and Dan Dwyer, her husband, for the foreclosure of a mortgage of $600 upon a tract of land of 18 acres, more or less, situate in Chaves county. This mortgage was executed by Elizabeth Roberts and H. B. Roberts, her husband, who were, at the time, the owners of the real estate. Said mortgage was duly recorded in the office of the county recorder of Chaves county on November 23, 1923. Thereafter, on the 1st day of February, 1925, said mortgage being still unpaid and in full force and effect, the said Elizabeth Roberts and H. B. Roberts, her husband, by warranty deed of that date, conveyed said land in the said mortgage described to Minnie Turnbull Dwyer and Dan Dwyer, her husband, the defendants and appellees herein.

The defendants answered the complaint alleging lack of information as to the facts set out in the complaint and demanded strict proof thereof. They also filed a cross-complaint against the plaintiff and alleged that the said Elizabeth Roberts and Jeffrey Staeden and Nick Brill delivered to the plaintiff their promissory note for $600, to become due and payable upon the same day that the note sued on in this case became due and payable. They further alleged that in connection with the said note the said Elizabeth Roberts, Jeffrey Staeden, and Nick Brill entered into an agreement between themselves to the effect that the said note payable to the plaintiff herein was given for the purpose of securing the defendants and the property which they had purchased in Chaves county, N. M., against the payment of the money due upon the note secured by the mortgage sought to be foreclosed in this case. The defendants prayed that the said Jeffrey Staeden and Nick Brill be made parties to the action and that the property of the defendants which is the subject of foreclosure in this cause be not subject to the payment of said mortgage unless and until plaintiff has exhausted her remedies against said Staeden and Brill, and for general relief.

The cross-defendants, Staeden and Brill, demurred to the cross-complaint, which demurrer was overruled.

The plaintiff filed what she terms a reply to the cross-complaint, and which may, we assume, be treated as an answer, in which she alleges that the $600 note executed and delivered to her by Elizabeth Roberts, Nick Brill, and Jeffrey Staeden was to secure the defendants Dwyer in any transaction or undertaking with Roberts, but was given to secure the plaintiff in the event that the mortgage note and debt failed in whole or in part to be paid to her when due. She alleged that the said Brill and Staeden were sureties, and that plaintiff's duty in relation to them as sureties arose under the law whereby they were entitled to have the property of Elizabeth Roberts, their principal, exhausted before plaintiff would be entitled to collect from the sureties.

The cross-defendants answered the cross-complaint, denying knowledge as to the correctness of the allegations of the defendants' cross-complaint and demanded strict proof thereof. They further answered by way of new matter and alleged that the note referred to in the cross-complaint of defendants, and which is alleged to be in possession of the plaintiff herein, is not the subject of plaintiff's complaint, and no relief is sought thereon against these cross-defendants, and they are not necessary or proper parties to the complete determination of the cause. They alleged the facts to be that they executed said note as accommodation makers for Elizabeth Roberts, and that no consideration therefor moved from the plaintiff to any of the makers of said note, and that plaintiff was not a holder of said note for value in due course, and they denied any and all liability of any note whatsoever on account thereof, either to the plaintiff or to the defendants, Dwyer. They prayed a dismissal of this cause as to them.

The plaintiff, Mrs. Jennie Henderson, replied to the cross-complaint of the defendants, Dwyer, and demanded strict proof of the allegations of said cross-complaint. By way of new matter, she alleged that there is no privity of contract between the plaintiff and the cross-defendants herein, inasmuch as no contract is alleged whereby this plaintiff agreed to look to said cross-defendants, Brill and Staeden, for payment of the indebtedness set out in the plaintiff's complaint. She prayed judgment of the court that the defendants take nothing by their cross-complaint and that the same be dismissed. Plaintiff filed a reply to the cross-defendants' answer by way of new matter, denying each and every allegation of said answer by way of new matter.

The plaintiff filed a request with the court to make specific findings of fact on all the material issues involved in said cause and to state in writing his conclusions of law based upon such findings; this motion having been made prior to the entry of judgment and after the court had announced that he would decide said cause in favor of the defendants. This request was filed with the court on the 7th day of June, 1930. The court had announced its decision on May 24, 1930, and at that time counsel for the plaintiff asked that the signing of the judgment be deferred until they could prepare and present to the court such findings of fact and conclusions of law as they desired to be made in the cause. Counsel for the plaintiff and the defendants agreed that this matter might come on for hearing before the court on June 7, 1930, for the purpose of the court hearing and passing upon said proposed findings of fact and conclusions of law and the entry of judgment in the cause. At said time counsel for the plaintiff and the defendants appeared before the court, and attorneys for the plaintiff announced to the court that they would not present findings of fact and conclusions of law, and at said time filed the motion requesting the court to enter specific findings of fact and conclusions of law.

The court found that the said Elizabeth Roberts and H. B. Roberts, her husband, the

mortgagors of the property, were desirous of exchanging said lands with the defendants, Dwyer, for certain lands owned by them located in the state of Oklahoma; that an exchange of said lands was agreed upon and abstracts of title were furnished by the respective parties, which showed that the Roberts' lands were subject to the plaintiff's mortgage; that, in order that said exchange of lands might be made, it was agreed by and between the plaintiff and the defendants and the cross-defendants, Nick Brill and Jeffrey Staeden, that said cross-defendants and said Elizabeth Roberts would execute a note in favor of the plaintiff for the same amount as the claim the plaintiff then had against said lands and to become due on the same day; that it was understood and agreed by and between all parties just mentioned that said note, so executed and delivered, was for the purpose of securing defendants, Dwyer, and the premises here sought to be foreclosed upon against any liability for the note here sued upon; that in consideration of the execution and delivery of said note, the defendants, Dwyer, conveyed their said property in the state of Oklahoma to the said Elizabeth Roberts and H. B. Roberts, her husband, and received in exchange therefor a warranty deed to the premises here sought to be foreclosed upon; that the above-mentioned note executed by Elizabeth Roberts, Jeffrey Staeden, and Nick Brill was made, executed, and delivered to the plaintiff at the plaintiff's request and in consideration of the plaintiff's consent to said exchange of lands by the defendants; that said note is the property of

the plaintiff and constitutes an asset in her hands for the purpose of securing the payment of any sum that may be due her upon the note here sued upon.

The court concluded as a matter of law that the plaintiff be required to exhaust her remedy upon the said note before she be permitted to proceed against the lands described in the mortgage here sought to be foreclosed. Counsel for the plaintiff filed exceptions to the findings of fact and conclusions of law, which being denied by the court, judgment was rendered in favor of the defendants and that the complaint of plaintiff be dismissed and for costs. The cause is here on appeal by the plaintiff.

1. Counsel for appellant has arranged the propositions which he desires to present to this court under six heads, and counsel for appellee follows the same order of argument. Counsel for appellant rely upon section 105-813, Comp. St. 1929, which requires the court when requested so to do in cases tried without a jury to make specific findings of fact and conclusions of law thereon, and to file the same with the clerk in the cause. The attorneys for the plaintiff filed such request in due time, but specified no issues involved in the cause upon which the plaintiff desired findings to be made. The filing of this request for findings occurred upon a day some two weeks after the court announced what its judgment would be and after the counsel for plaintiff had asked the court to defer the entry of judgment in order to allow counsel to frame proper re-

quests for findings in the cause. When the cause came on before the court for the purpose of hearing and determining the matter of findings, counsel for appellant declined to indicate any point or issues upon which the plaintiff desired findings, but simply filed plaintiff's request that the court make special findings of fact and conclusions of law upon the material points in the cause. Counsel for appellees argue that under conditions of this kind the court was relieved of the duty to make findings; the plaintiff having asked for time within which to present findings and then declining to do so. Both counsel rely upon the construction given this statute in Luna v. Cerrillos Coal R. Co., 16 N. M. 71, 113 P. 831, and Merrick v. Deering, 30 N. M. 431, 236 P. 735. They draw different conclusions from this construction of this statute. But, whether or not the plaintiff waived the findings of fact under the circumstances mentioned, it seems to us that the appellant must fail as to this point for the reason that the court did make findings essential to the conclusion of law reached by the court.

■ 2. Appellant states her second issue as follows: "Is evidence admissible concerning negotiations and contract against the party who is not present and who does not assent to the negotiations?" This issue is not available to the plaintiff, for the simple reason that the plaintiff as appears by her own testimony turned over the negotiations to her husband and her attorney, who had authority to represent her in such negotiations, and who agreed to accept the note of Elizabeth Roberts, Nick Brill, and Jeffrey Staeden given for the same amount as the note secured by the mortgage here sought to be foreclosed, and payable at the same rate of interest and on the same day as said note as security against the liability of the mortgagors and the property mortgaged by them for the payment of the note secured by said mortgage.

■ 3. It is argued by counsel for appellant that Nick Brill and Jeffrey Staeden, who were made parties to the cause by way of cross-complaint filed by the defendants setting up their liability, that they were improper parties and improperly joined as cross-defendants. No objection was made in the court below by the plaintiff to the misjoinder of parties. Counsel for appellees therefore argue that the objection, if it exists and is valid, has been waived, citing 47 C. J. "Parties," § 443, pp. 227, 228. We think that the position taken by appellees on this point is sound, and that the plaintiff's contention is not to be entertained.

■ 4. Appellant's fourth issue is stated as follows: "Is the appellant compelled to proceed on an unsecured claim prior to realizing on a secured claim?" Counsel for appellee answered this interrogatory by saying that a party may be compelled to proceed upon an unsecured claim if he has so agreed. In this case the defendants owned unincumbered lands in Oklahoma. They were willing to exchange these lands for the lands in Chaves county belonging to the Roberts if they and the said lands in Chaves county were relieved of liability for the payment of

the mortgage note owned by the plaintiff. In order to so secure them, this note of Mrs. Roberts and the said Brill and Staeden was executed and delivered to the plaintiff, who thereupon consented to the exchange of lands between the defendants and the Roberts, upon which latter she held her mortgage. Under such circumstances, it seems but equitable and just that the defendants and their property in Chaves county be relieved from the payment of plaintiff's mortgage until plaintiff has exhausted her remedies upon this Brill and Staeden note. So far as appears, plaintiff made no attempt to collect on this note, but proceeded upon her original mortgage against the property conveyed to the defendants under such circumstances, ignoring the fact that the defendants had a warranty deed to the land covered by her mortgage which they had received and accepted with plaintiff's knowledge and consent. Under such circumstances it would seem that the plaintiff should be required to collect on the surety note of Brill and Staeden before attempting to proceed against the land in Chaves county.

5. The fifth issue made by appellant is stated as follows: "Are documents admissible against a party to suit who is not a party to said contract to prove an independent collateral agreement?" Counsel for plaintiff cite 4 Jones on Evidence, p. 348. This citation is of no application to the facts in this case. In fact it rather is against the claims of plaintiff, in that it states: "If the party against whom a document is sought to be used did not make such document, nor execute it, nor assent, either expressly or impliedly thereto, it is plainly immaterial as against him and therefore inadmissible in evidence."

In this case plaintiff not only impliedly consented to the execution of the Brill and Staeden note and the following exchange of property by the defendants with the Roberts, but, by her agents, expressly consented. Moreover, the said note was made to her and delivered to her and was in her possession at the time of the trial.

6. The sixth and last issue presented by the appellant is as follows: "Do the findings of fact of the court justify the court's conclusion of law?" The argument by counsel for appellant is that the court does not find that the plaintiff ever agreed to accept the Brill and Staeden note in satisfaction of her claim. In fact, counsel for appellee expressly stated that such was not the intention of the parties. The defendant's counsel claimed, and the court below so found, that the plaintiff must exhaust her remedy against the cross-defendants, Staeden and Brill, prior to foreclosing the mortgage. Counsel for appellants, however, argue that there is no cause of action which could be stated against the cross-defendants, Staeden and Brill, by the plaintiff. With this contention of appellant we are not satisfied. Under the circumstances shown in the evidence and findings of the court, the cross-defendants became liable for the amount covered by the mortgage, and it was within the knowledge and with the consent of the plaintiff that this note be executed and delivered

to her before she would agree that the Roberts exchange the lands covered by the mortgage for lands in Oklahoma owned by the defendants. It would be inequitable, unjust, and contrary to good conscience to allow the plaintiff to retain this additional security and still proceed to foreclose the mortgage which she has on the land owned by the defendants in Chaves county, and which lands were acquired with the knowledge and consent of the plaintiff, which consent was given by reason of the plaintiff having received the note of the cross-defendants, Staeden and Brill.

We find no error in the record, and the judgment of the district court will be affirmed, and it is so ordered.

BICKLEY, C. J., and WATSON, J. (concurring).

We agree that the judgment should be affirmed on the theory that appellant (plaintiff) had agreed to look first to the Roberts-Staeden-Brill note before resorting to the mortgage.

That appellant did so agree is not entirely clear from the findings. But findings are not to be so strictly construed as pleadings, and, if any reasonable meaning will support the judgment, it will be adopted. Fraser v. State Savings Bank, 18 N. M. 340, 137 P. 592; McKinley County Abstract & Investment Co. v. Shaw, 30 N. M. 517, 239 P. 865; La Luz Community Ditch Co. v. Alamogordo, 34 N. M. 127, 279 P. 72.

Appellant's consent to the exchange of lands was a practical, not a legal, requisite.

Such consent would not of itself imply any waiver of rights under the mortgage. To ascertain the true equity on which the trial court acted, we must interpret the findings in the light of the evidence. Appellant maintained that the note was given merely for her additional security. Appellees maintained that it was given for theirs. The court, no doubt, considered that it was given for the security of both parties. The finding that it was to become due on the same date as the mortgage note can be sustained only on the theory that there was an extension of the latter. So the situation is this: Appellant granted an extension on the mortgage note and agreed to look first to the other note in consideration of the additional security she received. That was a fair bargain. There is evidence to support it, and we think it is what the findings really mean.

SADLER and HUDSPETH, JJ., did not participate.