[Civ. No. 18320.   First Dist., Div. Two.   May 26, 1959.]

MAUD O. VOLANDRI, Respondent, v. J. S. J. HLOBIL, Appellant.

Royal M. Galvin, Walter R. Baranger and Hugh C. Callaway for Appellant.

Joseph L. Alioto and Walter F. Calcagno for Respondent.

KAUFMAN, P. J.—Defendant, J. S. J. Hlobil, appeals from a judgment in favor of the plaintiff-payee in an action on a promissory note signed by defendant and one T. O. Toon. He argues on appeal that: (1) the facts do not support the trial court's finding that the defense of forgery was not available; and (2) no recovery can be had on a forged signature under the Negotiable Instrument Law, as such recovery is against public policy.

The undisputed facts are as follows: In July 1955, defendant Hlobil was the owner of a 50 per cent interest in a certain patent which he claimed was being infringed by Boeing Air-

craft Corporation under contract with the United States Air Force. By a letter dated July 20, 1955, defendant Hlobil gave T. O. Toon complete authority to act as his agent to negotiate a settlement of the claim with officials of the United States Government. Defendant did not have sufficient funds for the expenses of negotiating such settlement. Defendant in writing authorized Toon to sell up to 7 per cent of his interest in the infringement claim. The proceeds of such sales were to be used to pay Toon's expenses in attempting to settle the claim. On July 26, 1955, plaintiff Maud Volandri gave to Toon $3,000 in return for a contract assigning to her 3 per cent of Hlobil's interest in the claim, and the following promissory note:

"$3,000.00                                        July 26, 1955

"One year after date, without grace we promise to pay to the order of M. O. Volandri Three Thousand Dollars For value received with interest from date at the rate of 5% per cent per annum until paid principal and interest payable in lawful money of the United States at 2427 Larkin Street, San Francisco, California and in case suit is instituted to collect this note or any portion *there* we promise to pay such additional sum as the Court may adjudge reasonable as Attorneys fees in said suit.

S/ T. O. Toon
S/ J. S. J. Hlobil

No.                                        Due July 26, 1956"

The signature of defendant Hlobil on this note was, unknown to the plaintiff, executed by T. O. Toon and not the defendant Hlobil. The $3,000 obtained by Toon from the plaintiff was used to pay various expenses in an attempted settlement of the infringement claim.

Plaintiff sought payment of the note from Toon, on July 26, 1956, the due date. When this failed, plaintiff, on January 8, 1957, January 23, 1957, and February 4, 1957, wrote to the defendant, stating she held a promissory note signed by him and demanding payment. Defendant Hlobil replied to these letters and asked plaintiff to be patient while the final settlement was concluded. In his replies, defendant did not deny that he had executed the promissory note. In April 1957, plaintiff called the defendant on the telephone and asked that the note be paid. Again, defendant did not deny his execution of the instrument. On May 7, 1957, defendant again wrote to the plaintiff and asked her to be patient. Defendant orally and in writing acknowledged that plaintiff owned a 3 per cent

interest in his infringement claim. In the summer of 1957, plaintiff learned from her attorney that defendant had denied execution of the note. This action was filed on September 17, 1957.

Defendant's first argument on appeal is that the evidence does not support the judgment, as it was impossible for him to ratify Toon's act of signing the note with his name, since he did not have full knowledge of the transaction. However, plaintiff's letters were clear and unequivocal and on receipt of the first letter, defendant knew that the plaintiff held a note purporting to have been signed by him, and that he had not, in fact, signed such a note. Defendant found out about the note from Toon after plaintiff's first letter, and never denied execution to the plaintiff in his subsequent correspondence. Defendant failed to make further inquiries of the plaintiff and Toon, and in his further correspondence with the plaintiff asked her to be patient.

Defendant orally and in writing acknowledged that the plaintiff owned a 3 per cent interest in his claim, solely because she had given $3,000 to Toon. The agreement giving plaintiff the 3 per cent interest referred to the note. The note is a part of the agreement which defendant ratified. Ratification of a part of the transaction constitutes ratification of the entire transaction. (Civ. Code, § 2311.)

Ordinarily, the law requires that a principal be apprised of all the facts surrounding a transaction before he will be held to have ratified the unauthorized acts of an agent. However, where ignorance of the facts arises from the principal's own failure to investigate and the circumstances are such as to put a reasonable man upon inquiry, he may be held to have ratified despite lack of full knowledge. (*Hutchinson Co.* v. *Gould*, 180 Cal. 356 [181 P. 651].)

It is patently clear from the above that there is absolutely no merit in defendant's first argument. His second argument raises the question of whether a forgery is subject to ratification. In other jurisdictions there is a split of authority on this question. (2 Am.Jur. Agency, § 219.) The rule in other jurisdictions which prohibits the ratification of a forgery is based on considerations of public policy which prohibit the exemption from prohibition of the forger by the principal's consent to be bound on the forged instrument. (2 C.J.S. § 37e, 1076.) However, these considerations do not necessarily prevent the civil liability of the principal. In *Kadota Fig Assn.* v. *Case-Swayne Co.*, 73 Cal.App.2d 815 [167 P.2d 523],

it was held that a party may adopt his signature written by another person, as valid and binding by subsequent approval or ratification, even though the signature was originally forged.

■ It has also been held in this state that the mere fact that the agent's act is a crime does not prevent ratification by the principal if the act is done for his benefit. (*Sullivan* v. *People's Ice Corp.*, 92 Cal.App. 740 [268 P. 934].) ■ At 17 Corpus Juris Secundum, section 62c, page 413, it is said that a party may be bound by an agreement where his signature has been affixed pursuant to due and prior authorization, or has been adopted or ratified, or where he is estopped to deny a signature. (*Moore* v. *Hoar*, 27 Cal.App.2d 269 [81 P.2d 226]) is to the same effect.

■ On the basis of these authorities, there is here no valid reason of public policy against holding defendant civilly liable to the plaintiff. This is not an ordinary case of forgery where the forger neither pretends nor intends to act in behalf of the proposed ratifier. (*Jones* v. *Bank of America*, 49 Cal. App.2d 115 [121 P.2d 94].) Toon had written authority to act on behalf of defendant and acted in his capacity as defendant's agent. Defendant had ample notice of Toon's act of signing his name to the note, and accepted the benefits of the agreement and note. Toon's authority to sign a negotiable instrument was not questioned by the defendant in the face of repeated demands for payment. As no particular form of such authority is required by Civil Code, section 3100, defendant's ratification need not take a certain form.

In view of the foregoing, the judgment must be affirmed.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.