417 P.2d 810

**SEE–TEE MINING CORPORATION,**
**Plaintiff-Appellant,**

**v.**

**NATIONAL SALES, INC., Defendant-**

**Appellee.**

**No. 7764.**

Supreme Court of New Mexico.

Aug. 29, 1966.

Poole & Poole, Willard F. Kitts, Albuquerque, for appellant.

Botts, Botts & Mauney, Albuquerque, for appellee.

## OPINION

CARMODY, Chief Justice.

Plaintiff See-Tee Mining Corporation appeals from an adverse decision in a suit for a declaratory judgment to adjudge the plaintiff free of liability on a contract for the purchase from defendant of a steel building located near Bluewater, New Mexico, on land owned by Cinco Distributing Company, a corporation, subject to a deed of trust to one Milton Harding and wife.

At the time the contract was executed, the president and one of the three directors of See-Tee was W. Rodney DeVilliers. DeVilliers was the owner of one-half the issued capital stock of See-Tee and occupied an office in Albuquerque with the corporation's name on the door. Owner of the other half of the stock was Stella Dysart; she occupied an office next to DeVilliers', was chairman of the board of directors, treasurer and secretary of the corporation.

The third director, owning no stock and serving as salaried vice-president, was Ray Schultz who was in charge of all the corporation's field operations in Valencia County and maintained his office there at all times. See-Tee's primary business was mining uranium.

Before, during, and after his tenure, as president of See-Tee, DeVilliers was also president of Cinco Distributing Company, a corporation engaged in the wholesale distribution of oil. Cinco had no other connection with See-Tee. There was evidence that negotiations for construction of the building had begun between Cinco and the defendant, and that DeVilliers had authorized defendant to make a credit check of See-Tee at a time prior to DeVilliers' assumption of the presidency of See-Tee in late January, 1960. However, in August, 1960, after construction had been completed, See-Tee, through its president DeVilliers, entered into a conditional sales contract for the purchase of the building. DeVilliers left See-Tee in June, 1961, and the contract was disaffirmed by Miss Dysart, the company's new president, in September, 1961.

■ The thrust of See-Tee's argument as to its first two points is that there was no substantial evidence to support the findings made by the trial court. In this connection, See-Tee first argues that DeVilliers had no authority to make such a contract and thereby bind the corporation.

However, we need not reach the question of his authority, since, even if he had none, the evidence was sufficient to support findings which, as concluded by the trial court, constituted a ratification by the corporation. See Lawrence Coal Co. v. Shanklin, 1919, 25 N.M. 404, 183 P. 435; Yucca Mining & Petrol. Co. v. Howard C. Phillips Oil Co., 1961, 69 N.M. 281, 365 P.2d 925; and Franklin's Earthmoving, Inc. v. Loma Linda Park, Inc., 1964, 74 N.M. 530, 395 P.2d 454.

■ It is indispensable to ratification that the party held thereto shall have had full knowledge of all the material facts concerning the transaction. Burguete v. G. W. Bond & Bro. Mercantile Co., 1938, 43 N. M. 97, 85 P.2d 749; Walls v. Erupcion Min. Co., 1931, 36 N.M. 15, 6 P.2d 1021; 2 Fletcher Cyc. Corp. (perm. ed.) § 756. The fact of knowledge, like any other fact, may be found from either direct evidence or from the existence of other facts and circumstances from which the fact of actual knowledge properly may be inferred, McKinley County Abst. & Inv. Co. v. Shaw, 1925, 30 N.M. 517, 239 P. 865; State ex rel. Guaranty Building & Loan Co. v. Wiley, 1935, 100 Ind.App. 438, 196 N.E. 153; Scrivner v. American Car & Foundry Co., 1932, 330 Mo. 408, 50 S.W.2d 1001; 1 Mechem on Agency (2d ed.) § 406. Ratification may be established when the necessary knowledge of material facts is brought home to the corporate board or officers.

**680**

who would have had power to make the contract in question. Scrivner v. American Car & Foundry Co., supra.

In this case, Miss Dysart testified that she remembered the signing of the check for the down payment on the building and asking DeVilliers what the check was for. The court found that a voucher reading "Down Payment—Steel Building Bluewater, New Mexico $1,608.85" was attached to the check. Thereafter, See-Tee made a number of installment payments on the contract, each check signed both by DeVilliers and Miss Dysart. After DeVilliers had departed the corporation and Miss Dysart had become president, she received from the then holder of the seller's interest a copy of the contract and a letter requesting payment of two back installments. These payments were made on June 23, 1961, by check of the corporation executed by Miss Dysart alone.

■ We cannot say that Miss Dysart did not have knowledge of the material facts of the transaction, particularly after she had received and presumably read a copy of the contract. She knew from the beginning that See-Tee was buying a steel building. She knew its location, and before making the last two payments she knew all the terms of the contract. She had, at least, knowledge of the material facts, those which substantially affect the existence or extent of the obligation involved as distinguished from those which affect the values or inducements involved in the transaction, Restatement (Second), Agency, § 91(2).

See-Tee relies primarily on its contention that Miss Dysart did not know that the land on which the building had been erected was owned by Cinco, subject to a deed of trust to the previous owner. However, the court found that the stockholders, officers and directors of See-Tee "had knowledge, actual or constructive, of all facts and circumstances" relating to the contract with defendant. Insofar as knowledge of the location of the building was a material fact, this is a finding that Miss Dysart had been advised of the location, and a review of the evidence makes clear that such finding has substantial support in the evidence.

■ In addition we would note that Miss Dysart and director Schultz signed an agreement releasing Cinco and DeVilliers from liability growing out of transactions conducted or assumed by plaintiff, and agreeing to hold them harmless in connection therewith. In such a situation, if in truth plaintiff was ignorant of any facts, nevertheless plaintiff could not recover because of the rule that where ignorance of facts arises from a principal's own failure to investigate and the circumstances are such as to put a reasonable man upon inquiry, he may be held to have ratified even though he may have lacked full knowledge, Reusche v. California Pacific Title Ins. Co., 1965, 231 Cal.App.2d 731, 42 Cal.Rptr. 262;

Volandri v. Hlobil, 1959, 170 Cal.App.2d 656, 339 P.2d 218; Hutchinson Co. v. Gould, 1919, 180 Cal. 356, 181 P. 651; Rest. Agency, § 91, comment e; 2 Fletcher, Corporations 1087, § 757.

Defendant's exhibits show, after the down payment, five checks from See-Tee to C.I.T. Corporation, holder of the seller's interest, the fifth of which was the June 23, 1961, check signed by Miss Dysart alone. The first two of these checks, dated Sept. 20, 1960, and Oct. 31, 1960, were each for $121.56, the monthly installment called for by the contract. The next two, dated Jan. 6, 1961, and Feb. 16, 1961, were each written for $243.12, their vouchers showing them each to be two months' payments.

Ratification of the action of a corporate officer for which there may have been no antecedent authority may be either express or implied, McKinley County Abst. & Inv. Co. v. Shaw, supra; Hannigan v. Italo Petroleum Corp. of America, 1945, 4 Terry 333, 43 Del. 333, 47 A.2d 169, and may be implied by the corporation's acquiescence in or recognition of its officer's unauthorized act, or by the corporation's acts tending to show an acceptance or adoption of the contract, Cache Valley Banking Co. v. Logan Lodge No. 1453, B.P.O.E., 1936, 88 Utah 577, 56 P.2d 1046. Ordinarily, making of payments by the corporation, with knowledge of the material facts, is a ratification of the contract on which they are made, even though the contract may have been executed without authority, 2 Fletcher Cyc. Corp. (perm. ed.) § 775; Owyhee Land & Irr. Co. v. Tautphas (9th Cir. 1903), 121 F. 343; Berry v. Maywood Mut. Water Co. Number One, 1939, 13 Cal.2d 185, 88 P.2d 705; California Nat. Supply Co. v. Flack, 1920, 183 Cal. 124, 190 P. 634.

The payments by See-Tee in this case, with the knowledge that it had, constituted a ratification of the contract made by its president. Thus discussion of plaintiff's third point, seeking restitution, is unnecessary. The judgment should be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.