KENNETH PETERSON and CATHERINE PETERSON

Plaintiffs

vs.

FORD MOTOR CREDIT COMPANY and WAYNE LOVELADY'S
FRONTIER FORD CORPORATION, both corporations

Defendants

Opinion of the Crownpoint District Court

Decided on April 2, 1979

Richard H. Levin and Robert Yazzie, D.N.A., Window Rock, Arizona
for Plaintiffs

Bruce E. Pasternack, Albuquerque, New Mexico, for Defendant Frontier
Ford

NESWOOD, District Judge

I.

On January 31, 1978 the Plaintiffs, Kenneth and Catherine Peterson, filed a complaint for unlawful repossession of their pick-up truck against the defendants, Ford Motor Credit Company (hereinafter Ford Motor) and Wayne Lovelady's Frontier Ford Corporation (hereinafter Frontier Ford). At the same time, the plaintiffs moved this court, pursuant to Rule 3 of the Rules of Civil Procedure, for permission to serve the defendants by certified mail because the defendants could not be located within the exterior boundaries of the Navajo Nation. Permission to serve the complaint in this manner was granted on February

11, 1978.

Apparently, service by certified mail was not effectuated and on July 12, 1978 the plaintiffs moved the Court for permission to serve the complaint by any Sheriff of the State of New Mexico or any other person permitted to serve process under the New Mexico Rules of Civil Procedure. The motion also requested that this Court allow service upon the registered agents for the corporations pursuant to Rule 4 of the New Mexico Rules of Civil Procedure. This motion was granted on July 17, 1978.

Service against Ford Motor was accomplished on August 24, 1978 by serving the company's statutory agent and was accomplished against Frontier Ford on August 21, 1978 by personal service.

On September 18, 1978 a Special Entry of Appearance was "made" on behalf of Frontier Ford by R. Thomas Daily and Bruce E. Pasternack. At the same time, Frontier Ford filed a Motion to Dismiss stating as grounds that the court lacked jurisdiction over the person of Frontier Ford. The Motion also requested that service of process be quashed for failure to comply with the Rules of Civil Procedure.

Ford Motor Credit Corporation answered the complaint on

September 25, 1978 through its attorney, Jay D. Hertz.

On October 25, 1978 this Court dismissed Frontier Ford's Motion to Dismiss citing 7 N.T.C. 307-309, 7 N.T.C. 133(e) and 7 N.T.C. 134 (now 7 N.T.C. 607-609, 7 N.T.C. 253(e) and 7 N.T.C. 254).

Frontier moved for a reconsideration of the order of October 25th, but was granted permission to withdraw that motion on November 13, 1978 and was granted leave to file affidavits and briefs.

On November 15, 1978 this Court agreed to resolve Frontier Ford's Motion to Dismiss for lack of jurisdiction on the basis of the briefs.

Frontier Ford submitted its brief in support of its Motion to Dismiss on December 18, 1978 and plaintiffs responded on January 15, 1979. A reply brief was submitted by Frontier Ford on January 29, 1979.

II.

Two questions are raised by Frontier Ford's Motion to Dismiss:

1. Do the Navajo Tribal Courts have jurisdiction to hear cases involving repossession from tribal lands even where the repossessing parties are not residents of the reservation and are not Indians; and

2. Was service of process sufficient?

III

Frontier Ford asserts that this Court lacks jurisdiction because Frontier Ford has no contacts with the Navajo Reservation. However, the precise issue raised by the plaintiffs is whether or not the defendant had "minimal contacts" with the Reservation through an agency relationship. If the plaintiffs are able to show an agency relationship of the defendant and the person actually peforming the repossession, it is the opinion of this Court that sufficient contacts exist to assume jurisdiction over Frontier Ford. See Tee Mining Company vs. National Sales, Inc., 417 P.2d 810, 76 N.M. 677 (1966) and Phoenix Western Holding Corporation vs. Gleeson, 500 P.2d 320, 18 Ariz. App. 60 (1972). Because Frontier Ford has failed establish to the satisfaction of this Court that the person attempting repossession was not one of their agents, a question of fact still exists which can only be decided at a full trial.

IV.

This Court believes that 7 N.T.C. 307-309 (7 N.T.C. 607-609) was intented to assert jurisdiction in these kind of instances. To read the language any other way would render the statute meaningless because New Mexico courts tend to apply New Mexico "self-help" repossession despite the fact that it is specifically forbidden by the Navajo Tribal Code. On-Reservation businesses would not, in all probability, remove repossessed property off-Reservation. Therefore, the Tribal Council must have intended this legislation to apply to off-Re-

servation businesses violating the provisions of the Navajo Tribal Code as they are the ones who would probably be removing personal property from land under the jurisdiction of the Navajo Tribal Courts.

Frontier Ford apparently has also chosen to ignore the fact that the violation occurred on Tribal land. The sovereign state of New Mexico would not want alleged violations of law occurring in New Mexico heard in Arizona courts, particularly where the alleged violation is not against the law in Arizona. Similarly, the Navajo Nation does not wish to have violations of its law heard in another sovereign's court where the incident is not even a violation.

This court therefore rejects Frontier Ford's "suggestion" that this matter is best heard in New Mexico courts.

This view has been consistently followed by both this District Court in Peralto vs. Richardson Ford Sales, et al. as well as other District Courts, such as Shiprock (Thompson vs. Frontier Ford, et al.).

V.

Frontier Ford's reliance on Oliphant vs. Suquamish Indian Tribe, 435 U.S. 191, 55 L.Ed.2d 209, for the proposition that Indian courts lack jurisdiction over non-Indians in civil matters, is misplaced. The Oliphant decision is confined to the issue of criminal jurisdiction where violation of the appellants' due process rights were legitimately raised. In the instant case, all parties are represented by competent

-40-

counsel assuring due process.

No federal statute exists limiting the civil jrusidiction of Indian courts and until such time as one is passed or the United States Supreme Court rules otherwise, this Court will assume jurisdiction over non-Indians where the Navajo Tribal Council has authorized it.

In using the term "any person" in Section 309, the Navajo Tribal Council indicated its intent to assume jurisdiction over non-Indians under the provisions of 7 N.T.C. 133(e) (now 7 N.T.C. 253(e)).

VI

The final issue before this Court is the sufficiency of process.

By 7 N.T.C. 301(a) (now 7 N.T.C. 601(a)), the Navajo Tribal Council authorized the Navajo judges to adopt rules of procedure, including rules for service of process. Rule 3 of the Rules of Civil Procedure was adopted to cover service of process and specifically authorizes alternative means of service where appropriate. Alternative service was authorized by this Court on February 11, 1978 and July 17, 1978.

The primary purpose of having rules for service is to ensure the parties are notified and have an opportunity to defend. The service authorized by this Court in this instance was reasonably calcu-

lated to ensure this. This Court notes that service of a complaint filed in New Mexico court would have been accomplished in the same manner.

At any rate, Frontier Ford has waived objection to service by appearing. The Navajo Rules of Civil Procedure do not provide for special appearances and Frontier Ford's filing of a Motion to Dismiss is a general appearance. Frontier Ford cannot argue that New Mexico procedure applies for appearances and Navajo procedure applies for service of process. This Court will follow only procedures authorized by the Navajo Courts.

Therefore, this Court concludes service of process was sufficient.

VII.

For the reasons outlined in this opinion, defendant Frontier Ford's Motion to Dismiss for lack of jurisdiction is DENIED. To rule otherwise would be to rule that 7 N.T.C. 307-309 (7 N.T.C. 607-609) is meaningless.

Defendant Frontier Ford is ORDERED to submit an answer within thirty (30) days of the date of this opinion.