ST. JOSEPH'S SOC. vs. ST. HEDWIG'S CH'CH. 141

SYLLABUS.

ST. JOSEPH'S POLISH CATHOLIC BENEFICIAL SOCIETY OF THE CITY OF WILMINGTON, a corporation of the State of Delaware, *vs.* ST. HEDWIG'S CHURCH, WILMINGTON, DELAWARE, a corporation of the State of Delaware.

*Assumpsit—Corporation ; Note of—Contract—By-law of Corporation as to Borrowing Money—Implied Promise to Pay.*

Even though the note in question was not signed, nor the money borrowed or received, by the corporation defendant in pursuance of a special resolution of the Board of Trustees as provided by the by-laws of the corporation, yet it will not be a sufficient defense to the plaintiffs' action, if the defendant did actually receive and enjoy the use and benefit of the money, and has not repaid the same. Under such circumstances the law, in the absence of a valid express contract, implies a promise on the part of the defendant to repay the plaintiff.

*(November 26, 1902.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*George Lodge* for plaintiff.

*Edwin R. Cochran, Jr.,* for defendant.

Superior Court, New Castle County, November Term, 1902.

ACTION OF ASSUMPSIT (No. 141, May Term, 1901).

GRUBB, J., charging the jury :

Gentlemen of the jury :—St. Joseph's Polish Catholic Beneficial Society, of the city of Wilmington, the corporation plaintiff in this suit, seeks to recover the sum of $1330, with interest thereon from March 21, 1901, being the unpaid balance of $1700, which it alleges was due to it from St. Hedwig's Church, Wilmington, Delaware, the corporation defendant.

The plaintiff in its declaration in this action sues on the common counts for said sum, claiming it as so much money by the

plaintiff lent to and for the use of the said corporation defendant, and also had and received by said defendant to and for the use of the plaintiff, etc.

The plaintiff also in special counts in its declaration claims said sum as the unpaid balance due on a promissory note of the defendant, bearing date February 12, 1900, and given to the plaintiff for the repayment, as it alleges, of the said sum of $1700 lent to and received by the defendant as aforesaid.

The defendant as a ground of defense claims that the plaintiff cannot recover in this action because, as it alleges, the said promissory note, in evidence before you, was not signed, nor the said money borrowed or received by the said corporation defendant in pursuance of a special resolution of the Board of Trustees as prescribed in Article 8 of the by-laws of said corporation defendant, also in evidence before you.

We instruct you, however, that even if you shall find upon consideration of all the evidence, that this contention of the defendant is true in fact, yet it will not be a sufficient defense to the plaintiff's action if you are nevertheless satisfied, in view of all the evidence, that the defendant did actually borrow, or actually receive and enjoy the use and benefit of the said $1700 or any portion thereof, belonging to the plaintiff, and has not duly repaid or restored the same to the plaintiff.

For under such circumstances the law, in the absence of a valid express contract, implies a promise on the part of such defendant to repay or restore the same to the plaintiff; and accordingly the corporation plaintiff would be entitled to your verdict, upon proof of such circumstances, for such sum as you may find, from the evidence is due to it from the corporation defendant in this suit.

If, on the contrary, you shall find that neither the said sum of $1700, nor any part thereof, has been borrowed, or received by the defendant as alleged by the plaintiff, or that the same or any part thereof, if so borrowed or received, has been fully and duly paid or

ST. JOSEPH'S SOC. vs. ST. HEDWIG'S CH'CH. 143

VERDICT.

restored to the plaintiff, then your verdict should be for the defendant.

Verdict for plaintiff for $1461.67.