MARTIN G. HANNIGAN, Plaintiff Below, Plaintiff in Error, v. ITALO PETROLEUM CORPORATION OF AMERICA, a Corporation of the State of Delaware, Defendant Below, Defendant in Error.

334

(*February* 26, 1945.)

HARRINGTON, Ch., LAYTON, C. J., RODNEY, SPEAKMAN and TERRY, J. J., sitting.

*Stewart Lynch* and *Harold C. Faulkner* (of San Francisco, pro hac vice) for plaintiff in error.

*Ivan Culbertson* for defendant in error.

Supreme Court, No. 4, September Session, 1943.

RODNEY, J., delivering the opinion of the Court:

We are not prepared to greatly differ with the learned Court below in its precise holding. While there is evidence in the record of a substantial course of conduct on the part of the officers of the corporation in the making of promissory notes which were subsequently reported to the company, yet there is no evidence that on any other occasion had the dividends of the company been paid by promissory notes, or promissory notes issued in lieu of the normal method of the payment of dividends duly declared. The declaration and payment of dividends is a distinct and integral function of corporate management, and when not influenced by any rule of law or affected by evidence of a usual and regular course of business we are not prepared to say, in the absence of other facts and circumstances, that an officer of a corporation can so change the method and time of payment of dividends as established by the Directors, as to bind the corporation by a promissory note representing such dividends. Certainly no authority is cited as so holding. We therefore cannot say that we fail to agree with the Court below in its precise holding.

The plaintiff, however, did not rely solely upon the

antecedent authority of the President to execute the notes. With a continued assertion of such authority the plaintiff also relies upon the facts that the precise notes in suit were reported to the Board of Directors and ratified by such Board, and that the company received the benefit of the amounts represented by said notes, and is estopped from asserting their invalidity. These questions must be briefly considered.

In the former opinion of this Court it was said that when in an action against a corporation on promissory notes reliance is placed upon the presumptive authority arising from the presence of a corporate seal or the presumptive authority of the President to execute the note, that in such cases "the character of the transaction, the course of conduct on the part of the president, or other officer executing the instrument, and the corporation with respect to like matters, ratification or acceptance of benefits by the corporation, or other facts in the nature of an estoppel sufficient to overcome the defense of want of authority, are all proper subjects of inquiry. A reasonable latitude should be permitted in the development of the evidence on behalf of either party."

It would seem to be quite clear that even though a promissory note had been executed without express antecedent authority and had been executed and delivered in a manner not in the usual and regular course of business, yet if such note was duly reported to and ratified by a competent Board of Directors, with the knowledge of the facts, then such note would constitute a binding obligation of the company. Ratification of the action of corporate officers for which there may have been no adequate antecedent authority may be express or implied. A general rule is stated in 2 Fletcher Cyc. Corp., Perm. Ed., Sec. 752, as follows:

"If a corporate officer * * * performs an act or enters into a contract or other transaction without being authorized so to do, but which could have been authorized in the first instance by the Board of Directors * * * not being prohibited by Charter or by statute nor contrary to public policy, such contract or transaction may nevertheless become binding on the company if ratified expressly or by implication."

To the same effect is the rule set out in the same authority, Sec. 762:

"The Board of Directors of a private corporation may ratify and render binding any act of a corporate officer or agent, other than their own, which it could have authorized in the first instance."

The plaintiff contends that there was both express and implied ratification of the notes executed by the President of the corporation, and here sued upon. As to express ratification it is the contention that the uncontradicted evidence shows that the precise notes here involved were, with others, presented to the Directors' meeting on March 31, 1930, and expressly ratified by such Board.

The plaintiff asserts that the issue of ratification of the notes was presented to the Court below, and that even if such Court found no express antecedent authority for the execution of the notes, and that they were not executed in the usual and regular course of business, that he, the plaintiff, was entitled to a judgment on said notes by reason of their ratification. These questions of ratification, both express and implied, seem to have been made the subject of specific reasons suggested for a new trial in the Court below, and they are assigned as specific causes of error in this Court. Due to the intricacies of the case, the issue of ratification seems to have escaped the attention of the

Court below, and it was not passed upon in any way. This we think was error, for, under the general rules, as heretofore indicated, the authorities are uniform that when an unauthorized act of a corporate officer is, after knowledge of the facts, duly and properly ratified by that authority which would have been completely empowered to legally authorize the act in the first instance, then the ratified act becomes a binding obligation of the corporation.

Not only does the plaintiff below rely upon express ratification of the notes by reason of the specific action of the Board of Directors, but he relies also upon the implied ratification by the company by reason of the receipt and retention of benefits by the corporation of the unauthorized acts of the corporate authorities executing the notes. The plaintiff contends that the uncontradicted evidence shows that the larger note for $35,222.25 was expressly given in lieu and stead of a dividend for the same amount duly declared by the Directors, and payable to the plaintiff's assignor as a stockholder of record. It is contended that this dividend was represented by a dividend check for the same amount, duly executed and delivered to the plaintiff's assignor and returned by him to the company upon the strength of the execution of the note in suit, and in reliance upon its validity. This dividend check it is asserted was subsequently cancelled by the company, and the amount of the dividends, $35,222.25, the exact amount of the note, ever since retained by the company.

We, of course, do not assume this ratification as a fact. We are merely stating the contentions of the plaintiff and the effect of such ratification if, upon opportunity given, such ratification is successfully proven.

In 2 *Fletcher on Corporations, Perm. Ed., Sec.* 773, it is stated:

"A private corporation by accepting and retaining the fruits or benefits of an unauthorized contract or other transaction made or entered into by one of its officers thereby ratifies and will be estopped to deny the validity and binding effect unless the contract or transaction is in violation of some positive law or well settled rule of public policy."

In support of the text are cited cases from every jurisdiction in this country and, indeed, no case can be found to the contrary. It is only in applying the rule to the facts of a case that in some decisions the rule is found inapplicable. The rule is no new one but simply applies to corporate entities these same principles always existing under the general law of agency. 1 *Skyle & Clark on Agency, Sec.* 140; 1 *Mecham on Agency,* 2d *Ed., Sec.* 434; *Restatement Law of Agency, Secs.* 98 & 99.

In 3 *Thompson on Corporations,* 3d *Ed., Sec.* 2121, it is stated:

"Where a contract is made by one assuming to act in behalf of a corporation and for a purpose authorized by its Charter and for the corporation, after knowledge of the facts attending the transaction is brought home to its proper officers, receives and retains the benefit of it without objection, it thereby ratifies the unauthorized act and estops itself from repudiating it, * * * the justice of this principle is so obvious that a discussion of the reasons on which it is founded would be superfluous, * * *"

The plaintiff has cited and relies upon the case of *St. Joseph's Polish Catholic Beneficial Society v. St. Hedwig's Church,* 4 *Penn.* (20 *Del.*) 141, 53 *A.* 353. That case was an action of assumpsit and the declaration contained a special count upon a note and included the common counts. It was there contended by the defendant that the note was not signed nor the money borrowed pursuant to the pro-

visions of the By-laws. The Court held that this contention would be no defense if the defendant did actua'ly borrow and receive and enjoy the benefit of the money, and had not repaid or restored the same to the plaintiff. It is not entirely clear whether this recovery was had upon the ratification of the note itself, by the acceptance of benefits, or whether, upon failure of the special contract, recovery was had upon the common counts.

In the present case the plaintiff relies upon ratification of the notes themselves. No counts which could be considered as common counts in debt or counts in any way analogous to common counts in assumpsit are included in the Declaration by which the debt, as such, and as distinguished from the notes themselves, could be recovered. *Woolley Del. Pr., Sec.* 1471; *Love et al. v. Pusey & Jones Co.,* 3 *Penn.* (19 *Del.*) 577, 52 *A.* 542; *Perry on Pleading,* 52, 54; *Stephen on Pleading,* 269; 1 *Chitty on Pleading,* 310; *Shipman on Pleading,* 41; *Archbolds Nisi Prius* 200; *Bishop v. Young,* 2 *Bos. & Pul.* 79, 126 *Eng. Reprint* 1166; *Thompson v. French,* 10 *Yerg.* (*Tenn.*) 452, 453.

The plaintiff, as we have stated, relies upon the ratification of the notes themselves. In 3 *Thompson on Corporations,* 3d *Ed., Sec.* 2106, it is said:

"The effect of a subsequent ratification is that it relates back and gives validity to the unauthorized act or contract, as of the date when it was made and affirms it in all respects as though it had been originally authorized. The act is legalized from its inception. Accordingly when the ratification occurs there is no further necessity of showing previous authority. The principle is tersely explained in the proposition that a ratification is equivalent to an original authorization * * *."

See also 2 *Fletcher on Corp., Perm. Ed., Sec.* 782.

We would not be understood as asserting that the principles of law herein cited are applicable by us to the facts of the present case. Such question is not properly before us on the present record. We are merely stating that such principles do exist, and that the plaintiff is entitled to have an opportunity to present his contentions as to the applicability of these principles and to have such questions determined by the trial court.

Because we think that the plaintiff was entitled to a determination of his contention as to the issue of express ratification by the corporation, and implied ratification based upon acceptance and retention of benefits by it, after knowledge of the facts, and that without such determination a judgment for the defendant cannot be supported, so the judgment must be reversed and the case remanded. We can take no affirmative action because the case was determined without direct evidence on the part of the defendant. So far as the record discloses to us, the pleas of the defendant were non est factum, Champerty and a special plea to the effect that the syndicate dominated and controlled the affairs of the defendant corporation. It is said in 2 Woolley on Delaware Practice, Sec. 1476, that in a suit on a specialty the plea of non est factum "puts in issue merely the execution of the instrument" but no opportunity existed for the defendant to introduce direct evidence in support of any plea.