HIRZEL FUNERAL HOMES, INC., a corporation of the State of Delaware, Plaintiff, v. EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Executor under the Last Will and Testament of John E. Kreggenwinkel, Defendant.

---

(*October* 4, 1951.)

LAYTON, J., sitting.

*Thomas Herlihy, Jr.*, for Plaintiff.

*Henry M. Canby* for Defendant.

Superior Court for New Castle County, No. 536, Civil Action, 1950.

LAYTON, J.:

■ A contract made by an agent for his principal either wholly without authority or in excess of his authority may, of course, be ratified by the principal and once ratified becomes as binding as if originally made by him. But there is a well settled exception to this rule in cases where the plaintiff knew at the time of the transaction that the purported agent was not acting for the defendant.

The following quotation from *Minnich v. Darling*, 8 *Ind. App.* 539, 36 *N. E.* 173, 175 (*Appelate Ct. Indiana*) explains the reasoning: "* * * He who ratifies and adopts a contract made in his name, although without his knowledge or authority, will be bound by it, through all of its legitimate consequences, the same as if he had authorized it in the first instance. The methods by which a contract may be ratified are as numerous and various as the methods by which a contract may be made without the intervention of an agent. There are certain well-defined rules that govern ratification. The contract ratified must be one that the parties might have lawfully made in the first instance. The person who acts as agent must purport to be the agent of the principal, and the contract must be made upon the faith and credit of the principal. 'Ratification' means adoption of that which was done for and in the name of another. Hence, the contract, at its inception, must purport to be the contract of the principal. It is not sufficient to constitute ratification that the contract may have inured to the benefit of a person sought to be charged as principal." See also *Note* 127 *A. L. R.* 893, and cases cited therein.

■ An analysis of the evidence in the case before me compels the conclusion that Bessie Bryan and Mr. and Mrs. Winters were not representing themselves to be the agents of John H.

Kreggenwinkel, the father, at the time they appeared at plaintiff's funeral home and ordered the son's burial to be charged to him. True, they designated the father as the person to whom plaintiff could look for payment and plaintiff was obviously misled into believing that the father would be induced to pay the bill. It is equally true that the father would be benefitted by the burial in the sense that the natural love, affection and sentiment of a father for his son would demand the satisfaction of a fitting funeral. But the fact still remains that at no time did either Bessie Bryan or Mr. and Mrs. Winters represent themselves as having the present authority to negotiate the contract of burial. In fact, they as much as said so by stating that they were then going to see the father; that they were on friendly terms with him. This could only mean that they had no immediate authority to act in this regard for John H. Kreggenwinkel but were hopeful that he could be persuaded to assume the financial responsibility of the funeral.

Plaintiff apparently places much stress upon the fact that one of the three then had in his possession certain policies of insurance of the deceased in which his father was named beneficiary. As I view this case, plaintiff's position would be considerably stronger if these people had come into his funeral parlor armed with the policies; ordered the funeral charged to the father and said nothing more. Under such conditions, it might well be assumed that they were acting with the father's authority. But what they said on leaving destroyed any such supposition for the clear inference from their statement was that, while they had no present authority to act, they were certain they could obtain it or, at least, a ratification of their plainly unauthorized act.

One of the conditions precedent to a valid ratification is that the principal be fully cognizant of all the material facts and circumstances relating to the unauthorized transaction of the agent. 2 *C. J. S., Agency*, § 42; Compare *Hannigan v. Italo Petroleum Corporation*, 4 *Terry* 333, 47 *A.* 2d 169. From the

rather strong evidence here as to the father's extremely debilitated mental and physical condition at the time, it is doubtful to my mind whether plaintiff met his burden of proving that Kreggenwinkel, Sr. could possibly have been fully aware of all the circumstances leading up to his signing the instrument purporting to ratify the charging of the funeral bill to himself. However, a decision on this point seems unnecessary in the light of the decision here reached.

In the light of what has been said, it follows that the attempted ratification by John H. Kreggenwinkel of the burial contract was not binding upon his estate.

Judgment for defendant.